JEROME F. MANNING, and another, *vs.* CHARLES C. PERKINS.

York.　Opinion May 17, 1894.

*Covenant. Seal. Limitations. Action.*

The action for covenant broken can be maintained only for the recovery of damages for the breach of a covenant or contract under seal.

In actions upon contract, the statute of limitations begins to run from the time when the cause of action accrues, and that is at the time of the breach of the contract although no injury may result from the breach until afterwards.

ON REPORT.

The case appears in the opinion.

*J. F. Manning*, for plaintiffs.

*Fairfield and Moore*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

FOSTER, J.　This is an action for covenant broken, and is based upon an instrument in writing dated the 26th day of

December, 1876, relative to the prosecution of a claim held by the defendant against the United States for insurance premiums paid for war risks on the ship Addison, and the charters and profits thereof.

The defendant pleads *non est factum* and the statute of limitations.

The instrument offered in evidence, as appears from an inspection of the original as well as copy, was signed by the defendant but not sealed. Following the signature of the defendant is the word "seal," with a brace at each end, printed at the time the blank was printed. This does not constitute a seal within the legal definition of the word, or such as is required by the usage, practice, and common or statute law of this State. *McLaughlin* v. *Randall*, 66 Maine, 226, and cases cited ; *Hendee* v. *Pinkerton*, 14 Allen, 381, 387, 388.

The action, therefore, for covenant broken cannot be maintained. Such action can be maintained only for the recovery of damages for the breach of a covenant or contract under seal. It differs materially from the actions of assumpsit and debt. It is a remedy provided for the non-performance of a contract under seal, where the damages are unliquidated and are to be ascertained by the jury, and where neither debt nor assumpsit can be maintained. 1 Chit. Pl. *115. Bouvier, Covenant. 4 Am. & Eng. Encyc. 463.

At the close of the evidence, the plaintiffs moved to so amend their writ that the action for covenant broken should be changed to an action of assumpsit. If legally allowable, it is agreed that this court shall render such judgment as the law and facts require.

From the facts appearing in the report of the evidence it becomes unnecessary to determine whether such amendment could properly be made. For if the amendment were granted and the form of action changed from covenant broken to assumpsit, a barrier is presented to the plaintiffs' right of recovery. The statute of limitations has been pleaded. The cause of action accrued more than six years before the commencement of the action. According to the agreed statement of facts the plaint-

iffs offered and were ready to prosecute the defendant's claim before the Court of Commissioners of Alabama Claims, on July 14, 1882, but the defendant refused to allow them so to do. The plaintiffs did nothing more toward the prosecution of the claim. In their declaration they allege that they "were willing and offered to further prosecute said claim before said Court of Commissioners of Alabama Claims to final judgment and collection thereof, but were prevented and forbidden to do so by the defendant."

This action is brought to recover damages resulting from the defendant's breach of the agreement declared on. It is not for the recovery of compensation for performance by plaintiffs, for it is expressly admitted that the defendant refused to allow them so to do. The gravamen of the action is for damages by reason of being prevented from performance. It is not a rescission but a breach of the contract. There is no evidence of rescission in the case.

The statute of limitations commenced to run from the time when the cause of action accrued. That was at the time of the breach of agreement by the defendant. That moment the plaintiffs could have brought their action against the defendant. More than nine years intervened before the commencement of this action. "If the action rests on a breach of contract, it accrues as soon as the contract is broken, although no injury results from the breach until afterwards." 3 Par. Con. 92; Addison Con. 406; Angell Lim. § 137; *Howell* v. *Young*, 5 Barn. & Cres. 259; *Battley* v. *Faulkner*, 3 Barn. & Ald. 288.

Nor would the plaintiffs be in any better position were their rights to be determined upon the amount "allowed" by the Court of Commissioners of Alabama Claims, as set forth in the contract. Under that claim the cause of action accrued November 20, 1883, the time when judgment was rendered for the amount due the defendant; and that was more than six years prior to this action.

*Judgment for defendant.*