In the Matter of JENNIE SORRENTINO, Doing Business as VICTORY BAR & RESTAURANT, Petitioner, against JOHN F. O'CONNELL, et al., Individually and Constituting the STATE LIQUOR AUTHORITY, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Liquor Authority canceling a restaurant liquor license, transferred to this court pursuant to section 1296 of said Act. Petitioner also prays for an order directing respondents to renew said license for the period March 1, 1955, to February 29, 1956. The license was cancelled on findings that (1) the premises had ceased to be operated as a bona fide restaurant; (2) adequate books and records were not maintained, and (3) the licensee knowingly employed a disqualified person, a convicted felon. Determination annulled, without costs, and matter remitted to respondents for reconsideration and action not inconsistent herewith. We are of the opinion that above finding (1) is proper; that finding (2) is supported by some proof, and that finding (3) is improper because it is not supported by sufficient evidence. The matter is remitted to respondents to consider in the first instance whether there is a substantial basis for refusal to permit the continuance of the licensed premises. (*Matter of Norton* v. *O'Connell,* 282 App. Div. 744, appeal dismissed 306 N. Y. 843.) Nolan, P. J., MacCrate, Schmidt, Murphy and Ughetta, JJ., concur.

■

In the Matter of the Accounting of RAMAPO TRUST COMPANY, as Executor and Trustee under the Will of ANDREW WARHOLA, Deceased, Respondent. EVA WARHOLA et al., Appellants.— In a proceeding to settle the account of respondent, as executor and trustee, which was given permission to resign, the widow and son of deceased and certain legatees appeal from so much of an order as dismisses some of their objections to respondent's account. Order of the Surrogate's Court, Rockland County, insofar as appealed from, modified by striking from the first and second ordering paragraphs any reference to objections "First", "Second", "Third", "Fourth", "Fifth", "Sixth", "Seventh", "Eighth", "Ninth", "Tenth", and "Fifteenth"; and, as so modified, order affirmed, without costs. The petition to settle the account requested determination of all issues set forth in the account and raised in the Supreme Court action as to the ownership of assets in the name of the decedent or jointly owned with him. The order appealed from denied the motion insofar as it sought to dismiss some objections. It cannot be said now as matter of law that it will not be necessary in this proceeding, when the issues raised by such objections are passed upon, to determine the legal or equitable ownership of the assets and whether moneys have been set aside for the widow under section 200 of the Surrogate's Court Act. Nor can it be said as matter of law that on its face any objection which is hereby reinstated shows that it will not be necessary to make such determination. Therefore, while the Surrogate has power to withhold hearing or disposing of the objections to the account until the issues are settled in the pending Supreme Court action between the widow and the executor and trustee and others, the objections reinstated should not have been dismissed. Nolan, P. J., Wenzel, MacCrate and Ughetta, JJ., concur; Murphy, J., dissents and votes to affirm without modification.