In the Matter of EDMUND C. O'MEALLY, Petitioner, against THOMAS E. ROHAN et al., Individually and as Members of the State Liquor Authority, Respondents. — Proceeding under article 78 of the Civil Practice Act to review a determination of the State Liquor Authority canceling petitioner's summer restaurant liquor license, transferred to this court pursuant to section 1296 of said act. The license was cancelled on findings that (1) the licensee had made a false material statement in his application for the license in that he stated in answer to a question therein that the premises were not located in a residential district created under a zoning law which restricted the maintenance of a restaurant at the premises, whereas in truth and fact the premises were located in such a residential district; (2) the licensee made a false material statement in the application for the license in that he stated that no one else was interested in the business whereas in truth and fact the Timber Grove Club was interested therein; and (3) the licensee violated section 111 of the Alcoholic Beverage Control Law and the terms of his license by permitting the Timber Grove Club to avail itself of his license. Determination annulled, without costs, and matter remitted to respondents for rehearing and action not inconsistent herewith. Whether the first finding is supported by substantial evidence depends upon whether the use of petitioner's premises for a restaurant was a permissible non-conforming use under the zoning ordinance. Inasmuch as the record does not disclose the effective date of the zoning ordinance, insofar as it was applicable to these premises, or the use of the premises on the effective date, it is impossible to determine whether the respondents' finding, obviously predicated upon the conclusion that a restaurant use is in violation of the zoning ordinance, is supported by substantial evidence. The second and third findings are not supported by substantial evidence. The only proof bearing upon the alleged interest of the Timber Grove Club in the licensed premises was supplied by petitioner during his cross-examination on the first day of the hearing herein. In view of the confused and contradictory nature of that testimony and the uncontradicted testimony, given at the adjourned hearing, that no one other than petitioner was interested in the premises and that he had been ill at the time of the prior hearing, we are of the opinion that the evidence was insufficient to show that the Timber Grove Club was in any way interested in the licensed premises. (Cf. *Matter of Lacqua* v. *O'Connell*, 280 App. Div. 794, and *Matter of Simms* v. *Monaghan*, 282 App. Div. 733, affd. 307 N. Y. 637.) Upon the rehearing respondents may submit such additional evidence as may be available in support of the charges upon which the findings were based. We are also of the opinion that, for the reasons stated in *Mazza* v. *Cavicchia* (15 N. J. 498, 511–526), a copy of the hearing commissioner's report should be made available to petitioner, prior to action thereon by the respondents, and an opportunity

afforded to controvert its findings or conclusions. (See, also, *Simmons* v. *United States,* 348 U. S. 397, and *Gonzales* v. *United States,* 348 U. S. 407.) This court did not pass upon that question in *Matter of Sorrentino* v. *O'Connell* (285 App. Div. 1057), since it was not necessary to the determination therein. Nolan, P. J., Wenzel, MacCrate, Beldock and Ughetta, JJ. concur.