In the Matter of JENNIE SORRENTINO, Respondent, against THOMAS E. ROHAN et al., Individually and as Members of the State Liquor Authority, Appellants.

Second Department, February 4, 1957.

*Jacob K. Javits, Attorney-General (Irving L. Rollins* and *James O. Moore, Jr.,* of counsel), for appellants.

*Monroe I. Katcher, II,* for respondent.

WENZEL, Acting P. J. Respondent's liquor license for certain restaurant premises for the license year ending February 28, 1955 was cancelled by the State Liquor Authority for cause in December, 1954 upon findings that respondent had committed three violations of the Alcoholic Beverage Control Law. Upon

application by respondent for review, this court annulled the determination on the ground that there was no basis for one of the findings and remitted the matter to the Authority for further proceedings (*Matter of Sorrentino* v. *O'Connell,* 285 App. Div. 1057). Thereafter, and in April, 1955, the Authority, upon reconsideration, again made a determination canceling the license, although this time it based its determination on but one of the two remaining grounds. By virtue of limited stay orders made in connection with respondent's said application for judicial review of the first determination, respondent continued to use her license after the first cancellation but only until January 28, 1955. She discontinued its use on that day, after being denied a further stay. Having thus been without the use of the license through the last month of the license year in question, she applied to the Authority for a refund of part of the fee paid for the license. The Authority refused to grant the request, whereupon respondent brought the present proceeding. She claims to be entitled to the refund as a matter of right by virtue of section 127-c of the Alcoholic Beverage Control Law.

The stated section provides in part that, if the cancellation of a liquor license " is reversed or annulled * * * there shall be refunded " to the licensee a prorated amount of the fee paid for the license for the period of time that the licensee " has not had the beneficial use " of the license " by reason of such cancellation ". The heading of the section is: " Refunds on licenses and permits erroneously or unlawfully cancelled, revoked or suspended ".

It is the opinion of this court that the intendment of this section is to entitle a licensee to a refund only in the event that the license cancellation is ultimately reversed or annulled absolutely and finally. This court's annulment of the determination of the Authority canceling the license was only an interim disposition with respect to the status of the license. It was made only as a necessary procedural device to enable this court to remit the matter to the Authority for clarification of its position, that is, whether the Authority would adhere to its original determination in the face of the removal of one of the original asserted grounds therefor. This court made no adjudication that the determination of the Authority was " erroneously or unlawfully " made, and the second determination in effect reinstated and confirmed the first. Respondent did not seek a review of the second determination and allowed the limitation period for the commencement of a proceeding for such review (Civ. Prac. Act, § 1286) to pass. Consequently the cancellation ultimately acquired finality of standing.

174

This view of the Legislature's intention is buttressed by other provisions in related sections of the Alcoholic Beverage Control Law. Section 127 thereof governs applications for refunds for licenses voluntarily surrendered. It imposes various conditions upon the right to refunds in such cases, which conditions, generally stated, are that the licensee shall not have violated any provision of the said law within the license period, and that no charges against the licensee of violation of that law are pending; and it further provides that, if such charges be made within 30 days after surrender of the license, a refund is not to be made unless and until the charges are dismissed. It also contains provisions governing procedures with respect to refunds.

Section 127-c, and also sections 127-a and 127-b which deal with refunds on special permits, are all related to section 127 in that they incorporate the procedural provisions of that section. Former section 127-a, which also dealt with refunds on special permits, likewise incorporated these procedural provisions and, in addition, expressly limited the right of refund as to such permits to those that were surrendered or were cancelled " for reasons other than a violation of any of the provisions of " the Alcoholic Beverage Control Law (see L. 1936, ch. 574).

Although the said express references in sections 127-a, 127-b, 127-c, and former 127-a to section 127 are limited to the provisions dealing with procedure, it cannot be gainsaid that the repeated references show a consciousness of a general relationship between the matters treated in all these sections, including section 127. Accordingly, it is appropriate to apply the principle of *ejusdem generis* and to hold that it was the intention of the Legislature that, where charges of violation of the statute are pending undetermined, refunds of license fees are not to be made unless and until the charges are dismissed, as is the case upon applications for refunds under section 127.

The order should be reversed, with $10 costs and disbursements, and the proceeding should be dismissed on the merits. without costs.

MURPHY, UGHETTA, HALLINAN and KLEINFELD, JJ., concur.

Order reversed, with $10 costs and disbursements, and proceeding dismissed on the merits, without costs.