■ In the Matter of JERRY SORRENTINO, Respondent, against STATE LIQUOR AUTHORITY, Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the State Liquor Authority suspending for a period of 40 days petitioner's restaurant liquor license, the State Liquor Authority appeals from so much of an order of the Supreme Court, Westchester County, dated May 26, 1959, as: (1) annuls and sets aside the Authority's determination; and (2) remits the matter to it with directions: (a) that it make available to petitioner and his attorney a copy of the hearing officer's report; and (b) that, prior to taking any further action, it afford to petitioner and his attorney a reasonable opportunity, if so advised, to controvert the findings and conclusions contained in such report. Order insofar as appealed from affirmed, with $10 costs and disbursements. (*See Matter of O'Meally* v. *Rohan*, 286 App. Div. 872.) Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ LEONORA KAKARGO, as Administratrix of the Estate of JOHN J. KAKARGO, Deceased, et al., Appellants, v. GRANGE SILO COMPANY, INC., Respondent.— In an action to recover damages for wrongful death and conscious pain and suffering prior to death, in which the complaint alleges four causes of action (the first two being based on negligence and the third and fourth being based on breach of warranty), plaintiff appeals from an order of the Supreme Court, Orange County, dated December 8, 1959 and entered December 14, 1959, which grants defendant's motion, pursuant to rule 112 of the Rules of Civil Practice, to dismiss the third and fourth causes of action upon the ground that they are barred by the applicable six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 1). Order affirmed, with $10 costs and disbursements. Defendant had erected a silo on the farm of plaintiff's intestate. Thereafter, on August 11, 1958, while the intestate was climbing upon a ladder attached to and part of the silo, the ladder broke and the intestate fell and died. With respect to the third and fourth causes of action, reading together the complaint and the plaintiff's amended bill of particulars, it appears on their face: (1) that, pursuant to a written contract dated August 8, 1951, between defendant and the intestate, defendant completed the erection of the silo on October 25, 1951; (2) that defendant warranted the silo and its ladder to be free from defects and fit for their intended use; (3) that defendant breached its warranty in that the silo and its ladder were defective and unfit for such use; and (4) that the action was not commenced until 1958. It also appears to be undisputed that the action was actually commenced on November 18, 1958, for the statement under rule 234 (of the Rules of Civil Practice) in the appeal record shows that the action was begun on that date. We agree with the learned Special Term that the third and fourth causes of action for breach of warranty accrued on October 25, 1951, when the silo was erected, and not on August 11, 1958, when the accident occurred. Since the action was commenced on November 18, 1958, more than six years after the accrual of the causes for the claimed breach of warranty, such causes of action are barred by the Statute of Limitations (Civ. Prac. Act, § 48, subd. 1). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.