Rescript Opinions.

SPRING VALLEY COUNTRY CLUB, INC. *vs.* MALDEN SUPPLY COMPANY & others. June 4, 1965. Order affirmed. We are here concerned only with counts 11 and 12 of the plaintiff's declaration against the United States Rubber Company (defendant). Count 11 sounds in tort for negligence and count 12 sounds in contract for breach of warranty. The plaintiff appealed from an order of the Superior Court sustaining a demurrer to each of these counts. As to count 11, one of the grounds stated by the defendant is that it "fails to state facts sufficient to constitute a claim against the [d]efendant." The same ground is assigned as to count 12. Count 11 seems to claim negligence by the defendant in its manufacture of certain material subsequently made into pipes by another named defendant; but it does not "state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." G. L. c. 231, § 7, Second. Count 12 suffers from the same infirmity, and also shows affirmatively that there was no privity between the parties. See G. L. c. 106, § 2–313. Referring to this count, the plaintiff in its brief relies on *Roberts* v. *Anheuser Busch Brewing Assn.* 211 Mass. 449. That case is obviously inapposite. We are of opinion that neither count is sufficient in law "to enable the plaintiff to maintain . . . [its] action," G. L. c. 231, § 18, and that neither count complies with G. L. c. 231, § 7, Second.

*James M. H. Gregg* for the plaintiff.
*Jerome P. Facher* for the defendant United States Rubber Company.

JEAN C. DEJESUS & another *vs.* RENE J. HAMEL. June 4, 1965. Exceptions overruled. This is an action of contract and tort to recover damages for, *inter alia,* breach of the contractual obligation of the defendant, a dentist, in extracting certain of the female plaintiff's teeth contrary to her instructions, and for negligently so extracting them. The jury found for the defendant. The case is here on the plaintiffs' exception to the judge's refusal to exclude the following question to the defendant. "In your professional judgment at the time you talked to . . . [the female plaintiff] while she was on the operating table, do you have an opinion as to whether . . . she understood . . . the conversation you had with her?" The plaintiffs argue that the defendant, as a dentist, was not qualified to give an expert opinion regarding the female plaintiff's comprehension while she was under sedation. "Generally it is within the discretion of the trial judge to determine whether to admit the testimony of an expert." *Consolini* v. *Commonwealth,* 346 Mass. 501, 503. *Commonwealth* v. *Monahan, ante,* 139, 165. In view of the evidence of the defendant's education, training, experience and familiarity with sedatives we cannot say the judge abused his discretion in allowing the question. See McCormick, Evidence, § 13. Compare *Langis* v. *Danforth,* 308 Mass. 508, 510–511.

*Charles F. Nayor* for the plaintiffs.
*Francis H. George* for the defendant.