### ROBERT N. PATENAUDE

v.

### ERNEST J. ANDERSON, d/b/a ANDERSON BROS. and STUDEBAKER AUTOMOTIVE SALES CORPORATION

Argued: March 26, 1968  Decided: May 21, 1968

*Present:* Nash, C.J., *Cox, Owen, JJ.

Case tried to *Lee, J.* in the Fourth District Court of Bristol    No. 21704

*Cox, J.* There was a finding for the plaintiff against the defendant Studebaker in the sum of $2,233.00 on a count for breach of warranty arising out of the sale of a Studebaker automobile by Anderson.

The case was reported because Studebaker claims to be aggrieved by the denial of its requested rulings and the justice's measure of the damages. The rulings are quoted in the margin.

Studebaker's position as presented by its requests for rulings is that it is not to be held liable for breach of warranty to the plaintiff with whom it did not contract and that Anderson was not its agent in making the sale.

The defendant Anderson has held a Studebaker franchise since April 24, 1958 and before that a Packard franchise. He operated a general automobile repair shop from 1932 to 1941 and has sold new cars since 1941.

The automobile involved in this action was sold to the defendant Anderson by Studebaker on February 26, 1963. It was delivered by rail carrier to Readville and then by truck to Anderson in Attleboro.

Anderson sold the same automobile to the plaintiff on July 11, 1963. The bill of sale ran from Anderson to the plaintiff. The sale price was $5,033.00 The sum of $2,350.00 was paid in cash by Patenaude to Anderson. The balance of the price was by an allowance on another automobile which Patenaude turned over to Anderson in trade.

As part of the sale, Anderson gave Patenaude a printed warranty. Although the warranty was undoubtedly prepared by Studebaker for the use of dealers selling Studebaker automobiles, it is nevertheless a dealer's warranty. All the undertakings in the warranty are expressly made by the dealer and not by Studebaker.

The justice made the following special findings:

I find that the defendant Automotive Sales Corporation through its agent Ernest J. Anderson, d/b/a Anderson Bros. did sell to the plaintiff one 1963 Studebaker Avanti automobile and warranted it to be free from defects in material and workmanship. I find, however, that said car was defective and that the sole liability in this case rests with Studebaker Auto-

motive Sales Corporation, which breached its warranty —————.''

On the evidence reported, which is not in dispute, we hold that the finding was *not* warranted that Anderson was Studebaker's agent in the sale of the automobile to Patenaude.

The fact that Anderson possessed a franchise from Studebaker which permitted him to sell Studebaker automobiles did not make him Studebaker's agent in connection with the sale to Patenaude. Nor did the fact that Studebaker automobiles were sold by Anderson warrant the conclusion that Studebaker held itself out as the proprietor of Anderson's automobile business. *Sherman* v. *The Texas Company,* 340 Mass. 606.

Patenaude dealt directly with Anderson as principal and not as Studebaker's agent. He paid Anderson. He accepted from Anderson as seller the bill of sale of the automobile. He accepted the express warranty from Anderson as dealer. The only possible consideration we perceive which could have led the justice to hold that Anderson sold the automobile as Studebaker's agent was that Anderson had apparent authority to do so as Studebaker's agent. The record does not sustain that view. Because Patenaude dealt with Anderson as principal and not as agent the view that Anderson had apparent authority to act as agent for Studebaker was —limited by the rule that a person cannot set up an apparent authority unless he relied

on it when he entered into the transaction; and also by the rule that a person who deals with an agent not as agent but as principal cannot set up an apparent authority which the agent may be said to have. *Essex County Acceptance Corportion* v. *The Pierce Arrow Sales Company of Boston,* 288 Mass. 270, 276. *Marsh* v. *S.M.S. Co.,* 289 Mass. 302, 307. *Commercial Credit Corp.* v. *Stan Cross Buick, Inc.,* 343 Mass. 622, 626.

Because there was no contractual relationship between Patenaude and Studebaker either directly or by an agent there was lacking that privity of contract which, in the present state of the law, is essential for recovery for breach of warranty, including the implied warranties of merchantability or of fitness. *Spring Valley Country Club, Inc.* v. *Malden Supply Company,* 349 Mass. 764. *Carter* v. *Yardley & Co. Ltd.,* 319 Mass. 92, 96. G.L.c. 106, § 2-313, 314.

It was prejudicial error to have denied the rulings, Numbers 1, 2, 3 and 5 requested by the defendant Studebaker. Number 6 has become inconsequential as has the contention relating to the measure of damages.

An order should be entered reversing the justice's decision and awarding **judgment to the defendant Studebaker.**

VINCENT M. GERMANI
  for the Plaintiff
JEROME M. LEONARD
  for the Defendant

## Defendant's Request For Rulings

1. The evidence is insufficient as a matter of law to warrant a finding for the plaintiff against the defendant.

2. The evidence is insufficient as a matter of law to warrant a finding that the defendant Ernest J. Anderson, d/b/a Anderson Bros. was the agent of Studebaker Automotive Sales Corporation.

3. The evidence is insufficient as a matter of law to warrant a finding that the plaintiff and the defendant Studebaker Automotive Sales Corporation were parties to a contract.

5. The evidence is insufficient to warrant a finding that the defendant Studebaker Automotive Sales Corporation breached a warranty to the plaintiff.

6. The evidence is insufficient to warrant a finding that the plaintiff complied with the provisions of the General Laws requiring notice of breach within a reasonable time to the defendant Studebaker Automotive Sales Corporation.