**Rosemary Lucore BURKE**

v.

**HAMILTON BEACH DIVISION, SCOVILL MANUFACTURING COMPANY and Day's, Inc.**

Supreme Judicial Court of Maine.

Argued Sept. 11, 1980.

Decided Jan. 2, 1981.

Jon Holder, (orally), Portland, for plaintiff.

Richardson, Tyler & Troubh, Robert J. Piampiano (orally), Portland, for Hamilton Beach Division.

Hunt, Thompson & Bowie, Glenn Robinson (orally), Roy E. Thompson, Jr., Portland, for Day's, Inc.

Before McKUSICK, C. J., GODFREY, NICHOLS and ROBERTS, JJ., and DU-FRESNE, A. R. J.

McKUSICK, Chief Justice.

In this products liability case brought in the Superior Court (Cumberland County), plaintiff Rosemary Burke appeals from a judgment on the pleadings entered in favor of both defendants, Day's, Inc. and Hamilton Beach Division of Scovill Manufacturing Company. We affirm the judgment.

On November 25, 1958, plaintiff purchased at retail from defendant Day's an electric mixer manufactured by defendant Hamilton Beach. The mixer performed properly for nearly twenty years, until February 4, 1978, when an alleged malfunction in a safety mechanism caused the mixer to turn on while plaintiff was inserting the beater blades. Mrs. Burke's hand was badly injured.

In May, 1979, more than twenty years after she bought the mixer, Mrs. Burke filed a two-count complaint against the retailer and the manufacturer. Count I alleged that Hamilton Beach had negligently designed the mixer and had failed properly to instruct and to warn plaintiff regarding its use. Count II alleged that both defendants had committed breaches of express and implied warranties that the mixer was fit for its intended use.

In answering, both defendants raised the affirmative defense of the statute of limitations. On defendants' motion for judgment on the pleadings, the Superior Court held that all of plaintiff's causes of action accrued at the time she bought the allegedly defective mixer in 1958 and that, therefore, her claims were barred by our general six-year statute of limitations, 14 M.R.S.A. § 752 (1980). On appeal, we affirm the dismissal of the breach of warranty claim against the retailer Day's on the same statute of limitations ground relied upon by the Superior Court. As to the warranty and negligence claims against the manufacturer Hamilton Beach, however, our affirmance rests instead upon the controlling 1958 Maine law, which in general denied recognition to products liability claims against parties not in privity with the plaintiff.

I.

This case comes to us in an unusual factual and legal posture. In the twenty years that elapsed between plaintiff's purchase of the electric mixer in 1958 and her injury in 1978, Maine law governing products liability underwent vast change. In Maine in 1958, the requirement of privity, with limited exceptions, barred a negligence suit between a plaintiff and a defendant who had not contracted with one another. *Flaherty v. Helfont*, 123 Me. 134, 137, 122 A. 180, 181 (1923); *see also McNally v. Nicholson Mfg. Co.*, Me., 313 A.2d 913, 925 (1973). In 1958, a plaintiff could not maintain a breach of warranty suit against a defendant with whom he had no privity. *Pelletier v. Dupont*, 124 Me. 269, 276, 128 A. 186, 189 (1925); *see also Sams v. Ezy-Way Foodliner*

*Co.,* 157 Me. 10, 17–18, 170 A.2d 160, 165 (1961). In 1958, Maine had not recognized, either judicially or by statute, strict liability as a source of products liability in tort. *See McNally v. Nicholson Mfg. Co., supra* at 925.

The 1960s and '70s, however, saw the Maine legislature bring our products liability law into the mainstream. In 1963, the legislature enacted the Uniform Commercial Code, P.L.1963, ch. 362, § 1, Article 2 of which governs the sale of goods. The original version of U.C.C. section 2–318[1] abrogated the "horizontal" privity requirement, thus permitting suit against sellers of goods by the family or household members or guests of a purchaser of defective goods. In 1969 U.C.C. section 2–318 was revised to abrogate "vertical" as well as "horizontal" privity requirements, permitting plaintiffs to reach remote sellers, suppliers, and manufacturers of defective goods.[2] P.L.1969,

ch. 327, § 1. At the same time, in 1969, the legislature enacted 14 M.R.S.A. § 161, which abrogated privity requirements in all negligence and breach of warranty suits.[3] *Id.,* § 2. Finally, in 1973, the legislature recognized the doctrine of strict liability in tort by enacting 14 M.R.S.A. § 221.[4] P.L.1973, ch. 466, § 1.

## II.

The dramatic changes in the law between plaintiff's purchase of the mixer in 1958 and her injury two decades later raise the serious question of which body of law this court must apply here—the law prevailing at the time of purchase or that at the time of injury. In particular, that choice of law determines whether plaintiff's claims against defendant Hamilton Beach are barred by her lack of privity with that defendant. Although Hamilton Beach did not argue the privity issue before the Supe-

---

1. As originally enacted by P.L.1963, ch. 362, § 1, to be effective December 31, 1964, 11 M.R.S.A. § 2-318 (1964) provided:

   A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

2. 11 M.R.S.A. § 2 318, as enacted by P.L.1969, ch. 327, § 1, effective October 1, 1969, provided:

   Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller or supplier of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods.

   A 1973 revision deleted the language "to recover damages" and the phrase "or for negligence." P.L.1973, ch. 441, § 1. Lack of privity as a defense in negligence actions was abrogated by 14 M.R.S.A. § 161. See note 3 below.

3. 14 M.R.S.A. § 161, as enacted by P.L.1969, ch. 327, § 2, effective October 1, 1969, provided:

   Lack of privity between plaintiff and defendant shall be no defense in any action

against the manufacturer, seller or supplier of goods *to recover damages for breach of warranty, express or implied* or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods. (Emphasis added) P.L.1973, ch. 441, § 2 and ch. 788, § 57 in successive amendments resulted in changing the emphasized language to read "under Title 14, section 221." *See* 14 M.R.S.A. § 161 (1980).

4. 14 M.R.S.A. § 221 (1980), enacted by P.L. 1973, ch. 466, § 1, effective October 3, 1973, provides:

   One who sells any goods or products in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods, or to his property, if the seller is engaged in the business of selling such a product and it is expected to and does reach the user or consumer without significant change in the condition in which it is sold. This section applies although the seller has exercised all possible care in the preparation and sale of his product and the user or consumer has not bought the product from or entered into any contractual relation with the seller.

rior Court, it did put the legal sufficiency of plaintiff's complaint in issue by moving for a judgment on the pleadings under M.R. Civ.P. 12(c). 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.14 (2d ed. 1970) ("motion [for judgment on the pleadings] when made by the defendant is the equivalent of a motion to dismiss for failure to state a claim"). The sufficiency of the entire complaint is thus drawn in question and may be determined on appeal as a pure question of law.[5]

■ When deciding whether to give retrospective application to a statute, the courts must look to the intent of the legislature. It is a fundamental principle of Maine law that "all statutes will be considered to have a prospective operation only, unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used." *Miller v. Fallon*, 134 Me. 145, 148, 183 A. 416, 417 (1936); *see also Langley v. Home Indemnity Co.*, Me., 272 A.2d 740, 746–47 (1971). If the legislature had remained silent regarding retrospective application of its products liability enactments, we might feel free, if we found compelling policy justifications, to give those statutes retrospective force. *McNally v. Nicholson Mfg. Co., supra* at

926. However, instead of evidencing or implying an intent to give retrospective application to those statutes, or even remaining neutral, the legislature has clearly and specifically directed the courts to give only prospective application to all three major statutory changes. For example, the 1969 statutes that, effective October 1, 1969, eliminated the requirement of privity in warranty and negligence actions (see nn. 2–3 above) at the same time provided specifically for nonretrospective effect, as follows:

> This Act . . . shall not be construed to affect any transaction occurring prior to the effective date of this Act.

P.L.1969, ch. 327, § 3. *See McNally v. Nicholson Mfg. Co., supra* at 926–27; *see also Larue v. National Union Electric Corp.*, 571 F.2d 51, 55 (1st Cir. 1978) (applying Maine law). The 1963 and the 1973 enactments making other changes in Maine's products liability law had comparable provisions.[6] In light of this clear legislative mandate, we are compelled to hold that U.C.C. section 2–318 and sections 161 and 221 of title 14 do not apply to claims where any of the operative events, whether they are sales transactions or tort events, have occurred before

---

**5.** The privity question was first raised by the court itself at oral argument; but subsequently the nonprivity parties, Mrs. Burke and Hamilton Beach, fully argued the matter in supplemental briefs.

**6.** The effective date of the Uniform Commercial Code, including section 2–318 (see n. 1 above), was December 31, 1964. P.L.1963, ch. 362, § 43. P.L.1963, ch. 362, § 41 provided:

> Provision for transition. Transactions validly entered into before the effective date of this Act and the rights, duties and interests flowing from them remain valid thereafter and may be terminated, completed, consummated or enforced as required or permitted by any statute or other law amended or repealed by this Act as though such amendment or repeal had not occurred. ·

*Cf. Nelson v. Volkswagen of America*, 315 F.Supp. 1120, 1121 (D.N.H.1970) (construing New Hampshire enactment of U.C.C. to find that U.C.C. did not apply retrospectively).

The effective date of 14 M.R.S.A. § 221 (see n. 4 above) was October 3, 1973. P.L.1973, ch. 466, § 2 provided:

> This Act shall not be construed to affect any cause of action arising prior to the effective date of this Act.

We note that while the legislature referred to "transactions occurring" before the effective dates of the 1963 and 1969 enactments, it chose the phrase "cause of action arising" when it in 1973 mandated prospective-only application for the newly-enacted section 221. Even though those different terms may have contrasting meanings in other contexts, *see, e. g., Williams v. Ford Motor Co.*, Me., 342 A.2d 712, 714 (1975) (statute of limitations), the variation in language in itself does not alter the legislature's basic and consistent thrust to apply changes in products liability law only *in futuro*. By no means is "the legislative intent to the contrary . . . *necessarily* implied from the language used" in the 1973 statute. (Emphasis added) *Miller v. Fallon, supra* at 148, 183 A. at 417. Furthermore, a different construction would encounter constitutional difficulties, because it would mean the legislature was imposing strict liability upon manufacturers and sellers who made and sold products prior to the 1973 enactment. *See Sabasteanski v. Pagurko*, Me., 232 A.2d 524, 525 (1967).

the effective dates of the respective statutes.

Thus, the changes in Maine's law of products liability that have occurred since 1958 do not affect Mrs. Burke's suit. Her claims are governed by Maine law as it stood when she bought her mixer.

### III.

Because the doctrine of privity had continued vitality in Maine law in 1958, we must deal with the two defendants separately. Plaintiff bought her mixer from Day's; having contracted with the retailer, she was in privity with that defendant. Plaintiff, however, never contracted with the mixer's manufacturer, Hamilton Beach; she thus lacked vertical privity with that defendant. *See McNally v. Nicholson Mfg. Co., supra* at 918; J. White and R. Summers, *Uniform Commercial Code* 399 (2d ed. 1980).

#### *Plaintiff's Claim against Day's*

Lack of privity presents no impediment to plaintiff's claim against Day's. Thus, as to that defendant the sole issue raised by the motion to dismiss is whether her suit for breach of warranty is barred by the statute of limitations.

The general statute of limitations, 14 M.R.S.A. § 752, which here governs, runs for six years from the time a "cause of action accrues." The time of accrual depends on the precise substantive elements of each cause of action. *Williams v. Ford Motor Co.,* Me., 342 A.2d 712, 714 (1975). In contract actions a cause of action accrues at the time of breach. *Manning v. Perkins,* 86 Me. 419, 421, 29 A. 1114, 1115 (1894). A breach in the warranties of fitness and merchantability occurs at the time of sale or delivery of the defective goods, and the statute of limitations begins to run on warranty actions from that time. *Kakargo v. Grange Silo Co.,* 11 App.Div.2d 796, 204 N.Y.S.2d 1010 (1960). *See also Nelson v.*

*Volkswagen of America,* 315 F.Supp. 1120, 1121 (D.N.H.1970); J. White and R. Summers, *supra* at 418. *See* "Developments in the Law: Statutes of Limitations," 63 Harv.L.Rev. 1177, 1200–02 (1950). *See also* Annot., "Statute of Limitations: When Cause of Action Arises on Action Against Manufacturer or Seller of Product Causing Injury or Death," 4 A.L.R.3d 821, 829 (1965), and cases cited therein.

The implied warranties made by Day's to Mrs. Burke derived from the Uniform Sales Act, which was in force in 1958. R.S.1954, ch. 185, first enacted in P.L.1923, ch. 191. Section 15(II) declared an implied warranty of merchantability roughly equivalent to that later created by U.C.C. § 2–314. *See Sams v. Ezy-Way Foodliner Co., supra* at 12–14, 170 A.2d at 162–63. If, as plaintiff has alleged, the mixer was defective at the time she bought it, Day's committed a breach of its implied warranty at the time of sale, and the applicable six-year statute of limitations began to run against plaintiff's claim in 1958. Her claim then is long since time-barred. The Superior Court correctly relied on the statute of limitations in granting judgment for defendant Day's.

#### *Plaintiff's Claims against Hamilton Beach*

Plaintiff's complaint charges Hamilton Beach both with breach of warranty and with negligence. The two early cases of *Pelletier v. Dupont, supra* (1925), and *Flaherty v. Helfont, supra* (1923), define the 1958 Maine law concerning suits by non-privity plaintiffs. Under *Pelletier,* a non-privity plaintiff was barred from suit against a remote seller for breach of warranty, express or implied. *See* 124 Me. at 276, 128 A. at 189. *See also Sams v. Ezy-Way Foodliner Co., supra* at 17–18, 170 A. at 165. Plaintiff's breach of warranty claim contains no allegation of her privity with Hamilton Beach and thus on its face is insufficient to state a claim upon which relief may be granted.[7] *See, e. g., Spring*

---

7. Although the parties have not argued the point, the complaint in this case might with some plausibility be said to plead a cause of action for breach of warranty roughly equiva- lent to the actionable wrong defined by the Supreme Court of the State of Washington in *Baxter v. Ford Motor Co.,* 168 Wash. 456, 12 P.2d 409 (1932) (injured plaintiff who relied on

*Valley Country Club, Inc. v. Malden Supply Co.,* 349 Mass. 764, 208 N.E.2d 230 (1965); *see also* J. White and R. Summers, *supra* at 399.

Mrs. Burke's negligence claim is governed by the 1923 case of *Flaherty v. Helfont,* supra, as construed by the 1973 case of *McNally v. Nicholson Mfg. Co., supra.* The *Flaherty* case introduced to Maine law the approach of *MacPherson v. Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916), which permitted negligence suits by nonprivity plaintiffs where imminently dangerous instrumentalities caused harm. *See* 123 Me. at 137–38, 122 A. at 181. However, as this court made clear in the *McNally* case, *Flaherty* did not amount to an all-encompassing embrace of the *MacPherson* approach; *Flaherty* made only a very narrow exception to the privity bar. *McNally's* declaration to that effect came in the context of a plaintiff's argument that *Wallace v. Coca-Cola Bottling Plants, Inc.,* Me., 269 A.2d 117 (1970), had judicially abrogated the privity requirement:

> *Wallace* neither in terms nor in effect changed the doctrine of *Flaherty v. Helfont,* either (1) to eliminate "privity" requirements from products liability *in tort* (as traditionally acknowledged to rest upon "negligence") .... [W]hile there was in fact a "lack of privity" between plaintiff and defendant in *Wallace,* in this aspect *Wallace* represented only a concrete instance of the "contaminated food" *exception* to "privity" requirements explicitly recognized in *Flaherty v. Helfont....*

> Thus, in the years after *Flaherty v. Helfont* and until 1969 this Court had neither decided, strongly intimated nor otherwise suggested that, as was generally being held in the overwhelming major-

ity of other jurisdictions, "privity" strictures should be eliminated from the *tort* products liability of Maine ....

*McNally v. Nicholson Mfg. Co., supra* at 924–25 (emphasis in original).

■ We are thus constrained by the case law controlling a 1958 transaction to hold that plaintiff's negligence claim against defendant Hamilton Beach was barred by her lack of privity with the manufacturer. This court has never construed *Flaherty* broadly enough to bring Mrs. Burke's mixer, which functioned perfectly for nearly twenty years, within the "imminently dangerous" exception to the nonprivity bar. While other jurisdictions applied the *MacPherson* exception to engulf the privity rule, *see* W. Prosser, *Law of Torts* 642–43 (4th ed. 1971); W. Prosser, *The Assault Upon The Citadel (Strict Liability To The Consumer),* 69 Yale L.J. 1099, 1100–03 (1960), Maine never expanded upon *MacPherson* far enough to include mechanical products generally within the exception to the privity strictures. *See Larue v. National Union Electric Corp.,* 571 F.2d 51, 55 (1st Cir. 1978); *Comment, Tort Law Developments,* 30 Me.L.Rev. 99, 106–10 (1978). The privity requirement in tort suits remained vital until the 1969 enactment of 14 M.R.S.A. § 161, with only a narrowly defined exception for those products that were "imminently dangerous." *See, e. g., Wallace v. Coca-Cola Bottling Plants Inc., supra* (contaminated food); *Lajoie v. Bilodeau,* 148 Me. 359, 93 A.2d 719 (1953) (contaminated food); *Larue v. National Union Electric Corp., supra* (applying pre-1969 Maine law to vacuum cleaner with unguarded, high-speed fan).

Because we find that both of plaintiff's claims against the manufacturer Hamilton

---

inaccurate representations made by manufacturer regarding the qualities of its products could sue the manufacturer for breach of express warranty *even in absence of privity,* if the falsity of the manufacturer's representations was not readily detectable by person of ordinary prudence). *Accord, Randy Knitwear v. American Cyanamid Co.,* 11 N.Y.2d 5, 226 N.Y. S.2d 363, 181 N.E.2d 399 (1962). In any event, however, any *Baxter*-type warranty claim

against Hamilton Beach—even if cognizable under 1958 Maine law, a question we do not decide—would have been foreclosed by the statute of limitations long before Mrs. Burke brought her suit. Such a warranty claim against the manufacturer would have arisen at the same time as Mrs. Burke's warranty claim against the retailer, namely, upon the sale of the mixer to her in 1958.

Beach were under 1958 law barred by lack of privity, we affirm the decision below as to that defendant without reaching the question of whether the Superior Court decided correctly that the statute of limitations barred those claims.

Our decision ruling on the manufacturer's liability, both in this case and in *Hurd v. Hurd*, Me., 423 A.2d 960 (1981), also decided today, is a very limited one, carrying precedential consequences only as to injuries suffered by persons lacking vertical privity with manufacturers or sellers who made or sold defective products more than eleven years into the past, *i. e.*, prior to October 1, 1969. It is not appropriate for us even to intimate what our ruling would be if these cases had come to us without the prior *Flaherty* and *McNally* decisions of this court and without the 1963, 1969, and 1973 enactments of the Maine legislature.

The entry must be:

Appeal denied.

Judgment for both defendants affirmed.

NICHOLS, J., and DUFRESNE, A. R. J., concurring.

ROBERTS, J., with whom GODFREY, J., joins, concurring in part and dissenting in part in separate opinion.

ROBERTS, Justice, with whom GODFREY, Justice, joins, concurring in part and dissenting in part.

I concur with the Court in affirming the judgment relating to Count II of the complaint herein. I agree that Burke's breach of warranty claim against Day's Inc. was barred by the statute of limitations. I agree that Burke's breach of warranty claim against Hamilton Beach cannot be maintained in the absence of privity between Burke and Hamilton Beach.[1] I must respectfully disagree with the view of the Court relating to the negligence claim against Hamilton Beach contained in Count I. I do not agree for two reasons.

First, I am troubled by the Court's disposition of the negligence claim on a basis (lack of privity) not presented below and without affording the plaintiff an opportunity to amend. Even under the theories of tort liability upon which the Court relies, I do not think it appropriate for us to rule in the first instance as a matter of law that the appliance in question could not have been so defective as to be inherently dangerous. No square holding of this Court has ever so limited the *MacPherson* exception. *MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 111 N.E. 1050 (1916). Many jurisdictions have expanded that exception to obliterate the harsh consequences of the privity requirement in tort products liability cases. The fact that our legislature has abolished this requirement entirely should not preclude our reasoned consideration of judicial precedents in this area.

Second, neither of the Maine cases relied upon in the Court's opinion require us to affirm the judgment against plaintiff's claim in Count I. As pointed out in the separate concurring opinion of Justice Glassman in *Hurd v. Hurd*, Me., 423 A.2d 960 (1981), no Maine case has squarely adopted the privity requirement in tort. In *Flaherty v. Helfont*, 123 Me. 134, 122 A. 180 (1923) we referred to the privity rule and the *MacPherson* exception but held that the alleged defect was not a proximate cause of the accident. The holding of the Court in *McNally v. Nicholson Manufacturing Company*, Me., 313 A.2d 913 (1973) was that the law of Maine as applicable to that case did not include a doctrine of strict liability in tort.

The requirement of privity for products liability in tort has been severely criticized in logic and conceptual basis. Most jurisdictions have long since abolished the requirement either by judicial decision or legislative action. Our own legislature has repudiated the requirement in an enactment not here directly applicable. Yet the

---

1. The majority correctly point out that the legislative abolition of the pre-existing requirement of privity in warranty actions clearly was made applicable only to transactions occurring after the effective date of the act and that the transaction herein clearly occurred prior to such date.

Court's opinion in this case suggests that the combination of previous dicta and subsequent legislation prevents Mrs. Burke from obtaining our evaluation of the efficacy and applicability of the requirement.

Finally, I would reverse the judgment on the pleadings as to Count I upon the issue of the statute of limitations. The Superior Court cited and Hamilton Beach relies upon the supposed distinction between transactional and non-transactional plaintiffs. I find it curious that a tort claim could be barred by lack of privity with defendant Hamilton Beach and also barred by the statute of limitations supposedly commencing on the date of a transaction. Although the concept of transactional plaintiffs in tort was discussed by way of dictum in *Williams v. Ford Motor Company*, Me., 342 A.2d 712, 716–718 (1975), we there held only that the brother of the purchaser of a motor vehicle was not barred by the statute of limitations from asserting a negligence claim against the manufacturer.

I do not advocate any deviation from the general rule that a cause of action accrues when the plaintiff suffers injury. That is the square holding of *Williams*. The law of tort liability, however, requires more than *exposure* to the risk of injury. Presumably the plaintiff in *Williams* was exposed to such risk every time he used or rode in his brother's car. Where a claim has no element of a consensual or contractual nature, I fail to see why any transactional distinction should be made. I do not find any basis in logic or reason for treating the *negligence* claim of a purchaser any differently than the negligence claim of another who might reasonably be expected to be affected by the defective product.