Margaret GOODMAN

v.

MAGNAVOX COMPANY.

Supreme Judicial Court of Maine.

Argued Nov. 10, 1981.

Decided April 5, 1982.

McEachern & Thornhill, Dan W. Thornhill, (orally), Kittery, for plaintiff.

Richardson, Tyler & Troubh, John S. Whitman, (orally), Portland, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

The Superior Court, York County, has reported this case to the Law Court pursuant to M.R.Civ.P. 72(c). The underlying facts are not in dispute.

On June 26, 1970, the plaintiff, Margaret Goodman, purchased a television manufactured by the defendant, Magnavox Company, from Central Furniture and Appliance, Inc. in Sanford.[1] The plaintiff has alleged that on August 11, 1974, the television manufactured by the defendant caused a fire which resulted in substantial damage to her home in North Berwick. On October 1, 1976, the plaintiff commenced this action by service of a summons and complaint upon the defendant. The complaint, which seeks damages incurred as a result of the fire, consists of two counts against the defendant. Count One alleges the defendant negligently manufactured the television set with the result that the television "burst into flames causing the plaintiff's home to catch fire." Count Two alleges a cause of action sounding in strict liability. 14 M.R.S.A. § 221.

The defendant answered raising the affirmative defenses of comparative negligence and the statute of limitations. The Court later allowed Magnavox to amend its answer to add a third affirmative defense, viz., that Count Two, the strict liability count, did not lie as the sale of the television set occurred before the effective date of Maine's strict liability statute, 14 M.R.S.A. § 221. The defendant brought a motion to dismiss the entire action on the grounds that the statute of limitations barred the action as the sale occurred more than six years before suit was commenced. A month after the initial motion the defendant brough a second motion pursuant to M.R.Civ.P. 12(b)(6) to dismiss Count Two, arguing that the plaintiff was barred from suing on strict liability grounds as no cause of action for strict liability existed at the time she purchased the television.

The Superior Court entered two orders relating to the defendant's motions to dismiss. The first order, dated January 16, 1981, concerns the defendant's motions to dismiss Count Two. The order states that plaintiff seeks to hold defendant liable in

Count Two (strict liability) under 14 M.R.S.A. § 221. The Superior Court reasoned that the product was purchased prior to the effective date of 14 M.R.S.A. § 221 and that Section 221 must be considered to operate prospectively. The Court then construed *Burke v. Hamilton Beach Division*, Me., 424 A.2d 145 (1981) as authority for the proposition that the Legislature did not intend Section 221 to apply to products sold prior to its effective date. The Court granted Magnavox's motion to dismiss Count Two noting that "Section 221 of Title 14, M.R.S.A. has no applicability to this case."

On March 23, 1981, the Superior Court denied the defendant's motion to dismiss Count One (negligence) on the ground that the plaintiff's cause of action accrued on the date of the fire, not the date of the sale of the television, and therefore was not barred by the statute of limitations. The defendant moved the Court for a Rule 72(c) report to the Law Court from the denial of its motion to dismiss Count One. The plaintiff thereafter also made the same motion, being aggrieved by the granting of the defendant's motion to dismiss Count Two.

We determine today in *Adams v. Buffalo Forge Co.*, Me., 443 A.2d 932, at 939, that "[t]he fact that a sale of a negligently manufactured product may have occurred at some time in the past does not compel the application of contract principles to an action which sounds in tort." When it decided that the plaintiff's negligence claim (Count One) accrued on the date of the fire, rather than the date of the sale, the Superior Court correctly refused to apply contract principles to this tort action. The plaintiff's negligence claim accrued on the date the harm occurred for which she now seeks damages. *See Cannon v. Sears, Roebuck and Co.*, 374 Mass. 739, 374 N.E.2d 582 (1978). On that date this plaintiff had a judicially recognizable claim against this defendant. *See Williams v. Ford Motor Co.*,

1. The seller of the television, Central Furniture and Appliance, Inc., is not a party to this action.

Me., 342 A.2d 712, 718 (1975). Here, that date is the date of the fire, August 11, 1974. The Superior Court's denial of the defendant's motion to dismiss Count One was correct.[2]

■ The Superior Court erred, however, when it ruled that 14 M.R.S.A. § 221 has no application to this case. In *Adams*, we hold that Section 221 applies to a cause of action alleging harm suffered after October 3, 1973, the legislation's effective date, notwithstanding the fact that a sale transaction has occurred prior to October 3, 1973. 443 A.2d at 944. On the authority of *Adams*, therefore, we hold that 14 M.R.S.A. § 221 applies to this plaintiff's strict liability claim. We accordingly affirm the Superior Court's denial of the defendant's motion to dismiss Count One of the complaint and vacate the order of the Superior Court which dismissed Count Two of the complaint.

The entry is:

Order of the Superior Court denying the defendant's motion to dismiss Count One of the complaint affirmed.

Order of the Superior Court dismissing Count Two of the complaint vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., concurring.

McKUSICK, Chief Justice, concurring in part and dissenting in part.

I would affirm the orders of the Superior Court. Thus, I concur with the majority's treatment of Count I based on negligence and dissent from its treatment of Count II based on strict liability.

I concur with affirming the Superior Court's denial of defendant's motion to dismiss Count I of the complaint pleading a

cause of action in negligence in the manufacture of a television set sold in 1970 that allegedly caused injury in 1974. I agree that for purposes of the statute of limitations, plaintiff's negligence cause of action accrued only when she had a judicially recognizable claim against the manufacturer, and that occurred only when she suffered injury. *See Williams v. Ford Motor Co.*, Me., 342 A.2d 712, 718 (1975).

I dissent, however, from the court's reversal of the order of the Superior Court dismissing the strict liability count. I would affirm the decision of the Superior Court justice that "section 221 of Title 14, M.R.S.A., has no applicability to this case." I agree with the Superior Court justice that, in creating strict liability for product manufacturers by enacting section 221 in 1973, the legislature never intended to impose that strict liability as to products that had previously been put into the stream of commerce. The 1973 legislation created a new and higher order of liability for product manufacturers, and it is not to be lightly assumed that the manufacturers of products that had already been made and sold under a different state of the law were, by force of the new legislation, intended to have an entirely new and increased exposure to liability. The question here is exclusively one of the legislative intent in enacting P.L. 1973, ch. 466, laying down the new strict liability rule of 14 M.R.S.A. § 221. Although the statement of this court in *Burke v. Hamilton Beach Division*, Me., 424 A.2d 145, 148–49, 148 n.6 (1981), was concededly a dictum, it was nevertheless a carefully considered view, arrived at after a study of the legislature's handling of its successive enlargements of the law of products liability. *See id.* at 146–47. The court's decision today is not making new law to apply indefinitely into the future. The legislature has already done that by enacting the strict liability statute that took effect on October 3, 1973. Rather, the court is, by interpretation of the applicabili-

2. Here, unlike *Adams*, lack of privity is not asserted as a defense. *See* 14 M.R.S.A. § 161, enacted by P.L. 1969, ch. 327.

ty section of the 1973 law, imposing that higher order of liability on a subset of products manufactured and sold prior to October 3, 1973.

The court today decides that the 1973 strict liability statute, 14 M.R.S.A. § 221, applies to any *injury* occurring *after* October 3, 1973, even though the statutorily necessary operative fact of the "*sell[ing* of] any goods or products in a defective condition unreasonably dangerous to the user or consumer or to his property" occurred *prior to* October 3, 1973. Although I agree that a strict liability cause of action arises for statute of limitations purposes only when injury is incurred, I do not find that rule of law helpful in divining what the legislature intended on the question of when to start to apply the new strict liability rule of section 221. All that the legislature expressly did by the applicability provision that accompanied the 1973 enactment of section 221, phrased as it was in negative terms, was to *exclude* from operation of the new strict liability law any causes of action in negligence or warranty that had already arisen before October 3, 1973. P.L. 1973, ch. 466, § 2. The 1973 strict liability statute imposes liability only on "[o]ne who *sells* any goods or products." We are left with the question whether the 1973 legislature intended to impose strict liability upon past sellers, whether or not they otherwise had any continuing association with the goods or products. The Law Court long ago laid down the applicable rule of construction as follows:

> Barren of [any] express commands or convincing implications, the [new strict liability law] can not be deemed to have been intended to be retroactive. It must be construed by the fundamental rule of statutory construction strictly followed by this Court that all statutes will be considered to have a prospective operation only, unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used.

*Miller v. Fallon*, 134 Me. 145, 148, 183 A. 416, 417 (1936). The legislature has issued no "express commands or convincing implications" that sellers of products prior to October 3, 1973, must be saddled with the enlarged legal liability imposed for the first time by section 221. On the contrary, as traced in *Burke, supra* at 148 n.6, the legislature has displayed a consistent commitment *not* to apply changes in products liability law to past sales.

In summary, the question on the negligence count was simply one of whether the statute of limitations had run, and the Superior Court and all members of the Law Court agree that it had not. On the other hand, the question on the strict liability count is *not* when the cause of action arose for statute of limitations purposes, but rather whether the legislature in imposing strict liability on sellers of products intended the new law to apply to past sellers. On that latter question, I agree with the Superior Court justice.