STATE OF MAINE                                  BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                                 DOCKET NO. BCD-CV-19-404

MICHEL SALVAGGIO,                  )
                                   )
            Plaintiff,             )
                                   )
      v.                           )            ORDER DENYING DEFENDANTS'
                                   )            MOTION TO DISMISS
GARY SAGRIS, et. al.,              )
                                   )
            Defendants.            )
                                   )


In December 2019, Plaintiff Michel SaIvaggio ("Salvaggio") brought a complaint against

Defendants Gary Sagris, Sagtuck, Inc., and Midcoast OTB, Inc. ("Defendants") for contract, tort,

unjust enrichment, and other claims arising from a partnership that was formed in 2010.

Defendants have responded with a Motion to Dismiss for failure to state a claim, s*ee* M.R. Civ. P.

12(b)(6), and that Motion is now pending before the Court.[1] Defendants contend that Salvaggio's

claims are barred by the six year, general civil statute of limitations, 14 M.R.S. § 752 (2020).  For

the reasons discussed below, Defendants' Motion to dismiss is DENIED.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "consider[s] the facts in

the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17

A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine

whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to

relief pursuant to some legal theory." *Id*. (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d

830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to

---

[1] The Court decides the Motion without oral argument, as permitted by M.R. Civ. P. 7(b)(7).

1

relief under any set of facts that he might prove in support of his claim." *Id.* The legal sufficiency of a complaint challenged pursuant to M.R. Civ. P. 12(b)(6) is a question of law. *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141.

The statute of limitations is an affirmative defense, for which Defendants bear the burden of proof. *See York Cty. v. PropertyInfo Corp.*, 2019 ME 12, ¶ 16, 200 A.3d 803. Thus, "[u]nless it is clear on the face of the complaint that the action is barred by the relevant statute of limitations, dismissal on limitations grounds is improper." *Packgen, Inc. v. Bernstein*, 2019 ME 90, ¶ 17, 209 A.3d 116, *citing Jackson v. Borkowski*, 627 A.2d 1010, 1013 (Me. 1993).

## BACKGROUND

Considering the facts in the complaint as admitted, and construing the facts in the light most favorable to Salvaggio, the Court makes the following findings solely for the purpose of deciding the Motion to Dismiss.

In March 2010, Salvaggio and Gary Sagris ("Sagris") entered into a written partnership agreement (the "Partnership Agreement") to own and operate Winners OTB and Sports Bar in Brunswick, Maine ("Winners"). According to the Partnership Agreement, Salvaggio and Sagris were equal partners. The partners were to have equal rights to manage and control the partnership and its business, although the partners could elect one of the partners to conduct day to day business. Neither partner could bind the partnership to any liability exceeding $1,000 without the other partner's consent. Profits and losses were to be divided and allocated annually. The term of the Partnership Agreement was 99 years.

After entering into the Partnership Agreement, Salvaggio and Sagris initially worked well together. Salvaggio agreed that Sagris would conduct the day-to-day business of the partnership. At some point after Salvaggio agreed to this arrangement, however, Sagris stopped communicating

with Salvaggio. In January 2014, Salvaggio became concerned about the lack of communication, and tried to reach Sagris and the attorney who formed the partnership. Both individuals dodged Salvaggio, and Salvaggio concluded Sagris was shutting him out of the partnership.

At some point, Sagris took a salary from Winners. Sagris also took distributions from Winners. The partnership never made any distributions to Salvaggio. The partnership never made any payment to Salvaggio reflecting the value of his interest in the partnership. The partnership, however, incurred numerous liabilities exceeding $1,000 without Salvaggio's consent.

## DISCUSSION

The parties agree that the applicable statute of limitations is the six year limitation set forth in 14 M.R.S. § 752. Section 752 provides in relevant part: "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards . . . ." Generally, tort claims accrue "when the Plaintiff sustains harm to a protected interest." *McLaughlin v. Superintending Sch. Comm.*, 2003 ME 114, ¶ 22, 832 A.2d 782. With respect to actions for breach of contract, "a cause of action accrues at the time of breach." *Burke v. Hamilton Beach Div. Scovill Mfg Co.*, 424 A.2d 145, 149 (Me. 1981). A breach occurs when a contract party fails to provide the bargained-for benefit of the contract. *PropertyInfo Corp.*, 2019 ME 12, ¶ 18. When the contract does not specify the time of performance, "a reasonable time is implied." *Me. Mut. Fire. Ins. Co. v. Watson*, 532 A.2d 686, 689 (Me. 1987). With respect to unjust enrichment claims, the cause of action accrues when the alleged unjust enrichment occurs. *PropertyInfo Corp.*, 2019 ME 12, ¶ 27.

Read in the light most favorable to Salvaggio, the Complaint establishes that the partnership relationship broke down in 2014, and around that timeframe and thereafter the Defendants took actions giving rise to the various causes of action. Read in this light, the various causes of action accrued within six years of the filing of the Complaint in 2019. Construed in this

3

manner, the causes of action set forth in the Complaint escape the time bar imposed by the statute of limitations.

Defendants object on the grounds that the Complaint should be read to establish that the relationship broke down as early as 2010, and that Salvaggio was reasonably on notice long before 2014 that his apparent expectations were not being met. Defendants complain that Salvaggio "conveniently" alleges 2014 as the date he began realizing Defendants were shutting him out, but that Salvaggio must have realized the problems much earlier. Defendants argue the Complaint therefore sets forth causes of action accruing outside the six year statute of limitations.

In so arguing, however, Defendants urge the Court to construe the Complaint in the light *least* favorable to Salvaggio. At the Motion to Dismiss state, the Court must accept the facts in the Complaint as if they were admitted, and interpret those facts in the light most favorable to Salvaggio. Taking that approach, it is not clear on the face of the Complaint that the action is barred by the six year statute of limitations, and dismissal on limitations grounds would be improper.[2]

### CONCLUSION

For all of these reasons, Defendants' Motion to Dismiss is denied.

SO ORDERED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Dated:__**April 3, 2020**_____                 _____/s_____
                                                                 Michael A. Duddy
                                                                 Judge, Business and Consumer Court

---

[2] It is thus unnecessary to address Salvaggio's arguments based on the continuing breach theory, the continuing tort theory, the discovery rule, or fraudulent concealment under 14 M.R.S. § 859.

**Michel Salvaggio**


**v.**

Gary Sagris,
**Sagtuck, Inc. and
Midcoast OTB, Inc.**



**Michel Salvaggio**                    Clifford Ginn, Esq.
                                        Ginn Law
                                        62 Marion Jordan Rd.
                                        Scarborough, ME 04074


Gary Sagris,
**Sagtuck, Inc. and
Midcoast OTB, Inc.**                     John Barnicle, Esq.
                                        Moncure & Barnicle
                                        PO Box 636
                                        Brunswick, Me 04011