Salvador CHIAPETTA

v.

CLARK ASSOCIATES.

Supreme Judicial Court of Maine.

Argued Jan. 15, 1987.
Decided Feb. 25, 1987.

Cote & Guillory, Robert L. Guillory (orally), Eric Cote, Saco, for plaintiff.

Hewes, Douglas, Whiting & Quinn, Martica S. Douglas (orally), Portland, for Clark Associates.

Norman & Hanson, Robert F. Hanson, Jonathan W. Brogan, Portland, for Lumbermens Mut.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The plaintiff, Salvador Chiapetta, appeals a judgment entered in the Superior Court, Cumberland County, dismissing his complaint on the ground that the action was barred by the six-year statute of limitations imposed by 14 M.R.S.A. § 752 (1980). We agree with the Superior Court's determination that on the face of the complaint the plaintiff's cause of action arose at the latest on the date of the fire destroying his Scarborough clam-processing plant, but vacate the judgment of dismissal and remand to the Superior Court for further determination under M.R.Civ.P. 56 regarding the applicability of 14 M.R.S.A. § 859 (Supp. 1986), governing the commencement of actions when fraudulent concealment is alleged.

Chiapetta owned a wholesale clam-processing plant at 50 Seaveys Landing Road in Scarborough. In January, 1977, Chiapetta approached the defendant, Clark Associates (Clark), an insurance agency,

about purchasing special multi-peril insurance coverage for his plant. Chiapetta alleges that he specifically informed Clark that he wanted coverage during extended periods of time when the plant was closed and unoccupied owing to the seasonal requirements of the clam-processing industry. Clark then obtained from Lumbermens Mutual Casualty Company (Lumbermens) an insurance policy covering the period from January 26, 1978, to January 26, 1981. The Lumbermens policy, nevertheless, contained the following restriction.

**Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring...**

(b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; ....

On November 7, 1979, Chiapetta's plant burned; it was unoccupied at the time. Chiapetta promptly notified Lumbermens, who informed Chiapetta on March 28, 1980, that it was denying coverage because the building was unoccupied at the time of the fire. Chiapetta instituted this action by filing a complaint on March 27, 1986, alleging in two separate counts breach of contract and negligence in the procurement of the specified coverage. Clark's answer asserted the statute of limitations as an affirmative defense.

On May 9, 1986, Clark moved for a judgment on the pleadings, treated by the court as a motion to dismiss, on the ground that Chiapetta's action was barred by the six-year statute of limitations, set forth in 14 M.R.S.A. § 752.[1] Chiapetta responded by submitting a memorandum in opposition to Clark's motion, attached to which was Chiapetta's affidavit stating that Clark had fraudulently withheld from Chiapetta facts that would have informed him that his loss was not covered because of the occupancy clause. Accordingly, Chiapetta argued that the court should apply 14 M.R.S.A. § 859[2] which permits a person to commence a cause of action at any time within six years after he discovers that he has a cause of action if the person liable has fraudulently concealed the existence of the cause of action.

On August 29, 1986, the court dismissed Chiapetta's complaint on the ground that it was barred by the six-year statute of limitations in 14 M.R.S.A. § 752. It is unclear from the record whether the court considered Chiapetta's affidavit in ruling on the motion to dismiss.

I.

■■■ Chiapetta first contends that his cause of action did not accrue until March 28, 1980, the date on which Lumbermens notified him that he had no coverage because of the unoccupied status of his building, and that the suit was commenced within the six-year statute of limitations. That contention is without merit. The accrual of a cause of action occurs at the time the plaintiff sustains a judicially cognizable injury. *Bozzuto v. Ouellette*, 408 A.2d 697, 699 (Me.1979); *Williams v. Ford Motor Co.*, 342 A.2d 712, 714 (Me.1975). Usually a cause of action sounding in contract accrues when the contract was breached, *see Burke v. Hamilton Beach Div., Scovill Mfg. Co.*, 424 A.2d 145, 149 (Me.1981), and a cause of action sounding in tort accrues when the plaintiff sustains harm to a protected interest, *see Bozzuto*, 408 A.2d at 699. Chiapetta's cause of action accrued at the latest on November 7, 1979, when fire destroyed his plant.[3]

---

**1.** 14 M.R.S.A. § 752 provides that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards...."

**2.** 14 M.R.S.A. § 859 provides that
[i]f a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action,....

**3.** Fixing the accrual of the cause of action at the time the plaintiff sustained a loss that was not insured owing to the insurance agent's failure to procure appropriate coverage appears to be the trend in most jurisdictions. *See, e.g., Video Corp. v. Frederick Flatto Assocs., Inc.*, 85 A.D.2d 448, 448 N.Y.S.2d 498 (1982); *Kunz v. Buckeye*

Chiapetta urges us to adopt a "discovery rule" on a principle similar to that used in *Bernier v. Raymark Industries, Inc.*, 516 A.2d 534, 542 (Me.1986) (asbestosis); *Myrick v. James*, 444 A.2d 987, 996 (Me.1982) ("foreign object" surgical malpractice); and *Anderson v. Neal*, 428 A.2d 1189, 1192 (Me.1981) (legal malpractice in a title search). Chiapetta argues that the cause of action thus accrued on March 28, 1980, because it was on that date that Chiapetta learned from Lumbermens that he had no coverage.

■ We reject this extension of the "discovery rule." There was nothing inherently unknowable about the lack of coverage since it was an aspect of the contract of insurance. Moreover, Chiapetta was put on notice by the fire that his insurance policy must be looked to if he were to have relief for his loss. Chiapetta had therefore both reason and means to make an investigation into the extent of coverage on November 7, 1979, the date of the loss, and cannot be heard to argue that he was not cognizant of any lack of coverage until March of 1980.

## II.

■ Clark correctly raised the statute of limitations as an affirmative defense. *See* M.R.Civ.P. 8(c). Clark subsequently filed pursuant to M.R.Civ.P. 12(c) a motion for judgment on the pleadings based on Chiapetta's noncompliance with the statute of limitations which is the equivalent of and which the Superior Court treated as a motion to dismiss under M.R.Civ.P. 12(b). *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.14 at 253 (2d ed. 1970) (hereinafter 1 Field, McKusick & Wroth at ——). Such a motion is a "facial challenge to the timeliness of plaintiff's complaint," *Patten v. Milam*, 468 A.2d 620, 621–22 (Me.1983) (*Patten I*), and is properly considered under M.R.Civ.P. 12(b). Unless there are facts not appearing in the complaint that toll the statute, the sufficiency

of the complaint, including the allegations of time, is adequately tested under the usual motion to dismiss. 1 Field, McKusick & Wroth at 250.

■ Here, nevertheless, Chiapetta presented an affidavit asserting fraudulent concealment of information on the part of defendant. In doing so, Chiapetta was raising the applicability of 14 M.R.S.A. § 859, and inserting into the litigation for factual determination the issue of the tolling of the statute of limitations. By presenting the affidavit and raising facts not appearing in the complaint, Chiapetta has, unless these matters are properly excluded by the court, converted a motion brought pursuant to Rule 12(b) or (c) into a motion for summary judgment under M.R. Civ.P. 56. *See Patten I*, 468 A.2d at 622; *Westman v. Armitage*, 215 A.2d 919, 921 (Me.1966); M.R.Civ.P. 12(b) & 12(c).

Title 14 M.R.S.A. § 859 offers two separate bases for tolling the statute of limitations. A plaintiff may invoke section 859 if either the defendant has fraudulently concealed from the plaintiff the existence of a cause of action or the plaintiff's claim is itself grounded on fraud. *Akins v. Firstbank, N.A.*, 415 A.2d 567, 569 (Me.1980); *Westman*, 215 A.2d at 922. In either instance, the statute starts to run only when the plaintiff discovers or in the exercise of due diligence and ordinary prudence should have discovered the existence of the cause of action or fraud. *Id.* Although the complaint alone did not allege fraudulent concealment or fraud on the part of Clark, the affidavit in a general manner asserted facts sufficient to require the court to address the applicability of 14 M.R.S.A. § 859 and adjudicate the issue of tolling of the statute of limitations.

■ Because Chiapetta in his affidavit made a minimum allegation of fraudulent concealment, dismissal of the complaint was not proper. The issue should have been considered as a motion for summary judgment with a reasonable opportunity ex-

*Union Ins. Co.*, 1 Ohio St.3d 79, 437 N.E.2d 1194 (1982); *Lipitz v. Washington Nat'l Ins. Co.*, 513 F.Supp. 606 (E.D.Pa.1981) (applying Pennsylvania law); *Hoffman v. Insurance Co. of North*

*America*, 241 Ga. 328, 245 S.E.2d 287 (1978); *Austin v. Fulton Ins. Co.*, 444 P.2d 536 (Alaska 1968).

tended to all parties to present material made pertinent to such a motion by M.R. Civ.P. 56. If it is then determined that there is a genuine issue as to any material fact concerning the claim of fraudulent concealment pursuant to Rule 56, summary judgment is inappropriate and the issue of fraudulent concealment must be resolved at trial.

The entry is:

Judgment vacated.

Case remanded for further proceedings consistent with the opinion herein.

All concurring.