**KASU CORP.**

v.

**BLAKE, HALL & SPRAGUE, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 14, 1990.

Decided Nov. 29, 1990.

---

Grover Alexander, Gray, for plaintiff.

Geoffrey Cummings, Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Plaintiff Kasu Corp. appeals from an entry of a summary judgment in favor of defendant Blake, Hall & Sprague, Inc. in the Superior Court (Cumberland County, *Fritzsche, J.*). Relying on the so-called "discovery rule," plaintiff argues on appeal that the six-year statute of limitations controlling its complaint had not run, and the court's ruling should be reversed. We disagree and affirm the Superior Court's grant of summary judgment.

Plaintiff is a defunct corporation formerly in the business of selling and installing swimming pools. From 1970–78, plaintiff obtained liability insurance from Maine Bonding and Casualty Company ("Maine Bonding") through defendant insurance agency. On August 18, 1978, Karl Kraul sustained personal injuries when he dove into a swimming pool sold and negligently installed by plaintiff on August 8, 1974. Kraul and his mother commenced a suit against plaintiff on August 6, 1980. On or about October 15, 1980, Maine Bonding informed plaintiff that no coverage existed and no defense would be provided because the accident occurred on August 18, 1978, four months after the policy had expired. Ultimately, the Krauls succeeded in obtaining a judgment against plaintiff.

In October, 1986, more than six years after Kraul and his mother initiated the suit, plaintiff filed the present complaint alleging defendant's negligence and breach of contract. In its answer, defendant raised the statute of limitations as an affirmative defense and filed a motion to dismiss. Plaintiff subsequently filed a motion for enlargement of time to pursue discovery.

The Superior Court (Cumberland County, *Lipez, J.*), finding that the statute of limitations had run on plaintiff's claims, granted defendant's motion to dismiss and denied plaintiff's motion for an enlargement of time to pursue discovery. On appeal, we vacated the dismissal, holding that the court abused its discretion by refusing to enlarge the time for plaintiff to present facts in opposition to defendant's motion to dismiss. *Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 540 A.2d 1112, 1113 (Me. 1988). On remand, following discovery, defendant filed a motion for summary judgment which the Superior Court (Cumberland County, *Fritzsche, J.*) granted on statute of limitations grounds.

■ It is undisputed that a six-year statute of limitations applies to all counts of plaintiff's complaint. 14 M.R.S.A. § 752 (1980). The only issue, then, is when each cause of action accrued. A cause of action accrues "at the time the plaintiff sustains a judicially cognizable injury." *Chiapetta v. Clark Assoc.*, 521 A.2d 697, 699 (Me.1987). Counts I, II, and III of plaintiff's complaint sound in tort, alleging defendant's negligence in failing to procure appropriate insurance for the corporation. In tort, a cause of action "accrues when the plaintiff sustains harm to a protected interest." *Id.* Plaintiff urges us to adopt the "discovery rule" which establishes that a cause of action accrues whenever the harm is discovered, rather than at the time it actually occurs. *See id.* at 700 (citing *Bernier v. Raymark Industries, Inc.*, 516 A.2d 534, 542 (Me.1986) (asbestosis); *Myrick v. James*, 444 A.2d 987, 996 (Me.1982) ("foreign object" surgical malpractice); and *Anderson v. Neal*, 428 A.2d 1189, 1192

(Me.1981) (legal malpractice in a title search)). This we decline to do.

In *Chiapetta*, we held that the cause of action against an insurance company accrued at the time a fire destroyed plaintiff's clam-processing plant, not when he learned from the insurer that the loss was not covered. *Chiapetta v. Clark Assoc.*, 521 A.2d at 699. Here, too, we hold that plaintiff suffered a judicially cognizable injury not later than August 6, 1980, when the coverage was needed but unavailable, not on October 15, 1980, when plaintiff discovered the absence of coverage. As we stated in *Chiapetta*, "There was nothing inherently unknowable about the lack of coverage since it was an aspect of the contract of insurance." *Id.* at 700. Thus, plaintiff was put on notice by Kraul's suit that

> [its] insurance policy must be looked to if [it] were to have relief for [its] loss. [Plaintiff] had therefore both reason and means to make an investigation into the extent of coverage on [August 6, 1980], the date of the loss, and cannot be heard to argue that [it] was not cognizant of

any lack of coverage until [October 15, 1980].

*Id.*

 Counts IV and V of plaintiff's amended complaint allege contract claims. "In contract actions a cause of action accrues at the time of breach." *Burke v. Hamilton Beach Div., Scovill Mfg. Co.*, 424 A.2d 145, 149 (Me.1981). Under the reasoning above, the alleged breach would have occurred when defendant failed to provide plaintiff with insurance coverage in 1978, not when plaintiff discovered that lack of coverage on October 15, 1980. Thus, plaintiff's contract claims are also barred by the six-year statute of limitations.

The entry is:

Judgment affirmed.

All concur.