Patricia PALMERO

v.

AETNA CASUALTY & SURETY COMPANY.

Supreme Judicial Court of Maine.

Argued March 19, 1992.
Decided April 22, 1992.

Leland N. Chrisholm (orally), Kelly, Remmel & Zimmerman, Portland, for plaintiff.

Elizabeth Knox (orally), Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Patricia Palmero appeals from a Superior Court (Cumberland County, *Lipez, J.*) summary judgment, dismissing her suit against Aetna Casualty & Surety Company.

Palmero was injured in an automobile accident involving an uninsured motorist in February of 1984. In 1987, Aetna sent a letter to Palmero's attorney denying any liability for benefits under her uninsured motorist coverage. Palmero filed the instant suit against Aetna for breach of the insurance contract in January of 1991. The court ruled that the statute of limitations had lapsed because more than six years had passed between the injuries giving rise to the claim and the filing of the complaint. Palmero contests only the court's determination of when the statute of limitations began to run. Because we are persuaded that the statute of limitations did not begin to run until Aetna denied Palmero's requests for benefits, we vacate the summary judgment.

We review legal issues raised on the motion for summary judgment for error. *Singal v. City of Bangor*, 440 A.2d 1048, 1051 (Me.1982). The parties agree that the action is one for breach of contract and that the applicable statute of limitations is six years. 14 M.R.S.A. § 752 (1980). The limitations period begins to run when a cause of action accrues. *Id.* Since the legislature did not specify when a cause of action accrues, that determination is left to this Court. *Anderson v. Neal*, 428 A.2d 1189, 1190 (Me.1981).

Whether this type of action accrues at the time of injury or when benefits are denied is a question of first impression in Maine. In *Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 582 A.2d 978 (Me.1990) and *Chiapetta v. Clark Ass'n*, 521 A.2d 697 (Me.1987), we addressed a similar issue. We held that the cause of action in *Chiapetta* accrued when the injury occurred; however, that was essentially a tort action. Chiapetta sought to recover not on an insurance contract, but against the insurance agency that procured the policy for its failure to secure the coverage he sought. 521 A.2d at 698–99. Although Chiapetta brought breach of contract actions as well, the alleged breach was for failure to procure certain coverage, and that breach occurred before the injury sued upon.

*Kasu* further clarifies the point. There, the plaintiff sued an insurance agency because a policy it obtained had lapsed before the injury; we addressed the tort and contract claims separately. We relied on *Chiapetta* in holding that the tort actions accrued on the date of injury. 582 A.2d at 980. Regarding the contract action, however, we relied on the familiar contract rule that a cause of action accrues when the contract is breached, to hold that the action accrued when the policy expired. *Id.* Unlike the plaintiffs in *Kasu* and *Chiapetta*, Palmero was a covered insured under a policy that ostensibly covered injuries caused by uninsured motorists, so any breach necessarily succeeded the injury.

It is well settled in Maine that a cause of action for breach of contract arises at the time of the breach. *Burke v. Hamilton Beach Div., Scovill Mfg. Co.*, 424 A.2d 145, 149 (Me.1981); *Manning v. Perkins*, 86 Me. 419, 421, 29 A. 1114 (1894). We see no reason to depart from that rule in determining when a suit under an uninsured motorist policy accrues. *Chiapetta* and *Kasu* do not suggest a different rule for actions arising under such a contract. A number of jurisdictions and at least one commentator recommend applying this rule to cases brought under such contracts. *Lane v. Nationwide Mut. Ins. Co.*, 321 Md. 165, 582 A.2d 501 (1990); *Allstate Ins. Co. v. Spinelli*, 443 A.2d 1286 (Del.1982); *Safeco Ins. Co. v. Barcom*, 112 Wash.2d 575, 773 P.2d 56 (1989); *Allstate Ins. Co. v. Altman*, 200 N.J.Super. 269, 491 A.2d 59 (1984); *Jacobs v. Detroit Automobile Inter-Insurance Exch.*, 107 Mich.App. 424, 309 N.W.2d 627 (1981); A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 7.12 at 292 (2d ed. 1990) ("It would be reasonable for courts to focus on the occurrence which constitutes a 'breach of the contract' by the insurer (rather than the occurrence of the event giving rise to the contractual claim for insurance benefits)."). Those jurisdictions hold that there is no cause of action, thus the statute of limitations does not start to run, until there is a breach of the insurance contract. *Safeco v. Barcom*, 773 P.2d at 60 ("[N]o justiciable controversy exists under a con-

tract until a breach actually occurs."). That breach does not occur until the insurer refuses payment (or arbitration if applicable). *Allstate v. Spinelli,* 443 A.2d at 1286 ("We hold that such a cause of action does not accrue ... until the insurer denies coverage and notifies the insured of rejection.").

We are not persuaded by Aetna's claim that this rule will frustrate the purpose of the statute of limitations by allowing insureds unfettered discretion in deciding when to pursue a claim and forcing the courts to adjudicate stale claims. Insurers may condition benefits on timely notification or demand. Accordingly, we hold that the cause of action accrued when Aetna denied Palmero's request for benefits, and vacate the grant of summary judgment in Aetna's favor on this issue.

The entry is:

Summary judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.