Kathleen A. WHITTEN et al.

v.

CONCORD GENERAL MUTUAL INSURANCE CO. et al.

Supreme Judicial Court of Maine.

Argued May 9, 1994.
Decided Sept. 23, 1994.

Paul F. Macri (orally), Berman & Simmons, P.A., Lewiston, for plaintiffs.

Catherine R. Connors (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Robert V. Hoy (orally), Platz & Thompson, P.A., Lewiston, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

■ This matter comes to us on a report, pursuant to M.R.Civ.P. 72(c).[1] The defendants, State Farm Mutual Automobile Insurance Company (State Farm) and Concord General Mutual Insurance Company (Concord) contend that the Superior Court (Cumberland County, *Cole, J.*) erred by granting the motion of the plaintiffs, Kathleen A.

---

1. M.R.Civ.P. 72 provides that:

(a) **Report by Agreement of Important or Doubtful Questions.** The court may, where all parties appearing so agree, report any action in the Superior Court to the Law Court if it is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same, provided that the decision thereof would in at least one alternative finally dispose of the action.

(b) **Report on Agreed Facts.** The court may, upon request of all parties appearing, report any action in the Superior Court to the Law Court for determination where there is agreement as to all material facts, if it is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same.

(c) **Report of interlocutory rulings.** If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court before any further proceedings are taken therein,

it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

(d) **Determination by the Law Court.** Any action reported under this rule shall be entered in the Law Court and heard and determined in the manner provided in case of appeals, the plaintiff or the party aggrieved by a reported interlocutory ruling being treated as the appellant, who shall pay the fee for filing of a notice of appeal promptly following entry of the order of report.

The parties aver that the Superior Court reported this case pursuant to Rule 72(a), (b) and (c). However, paragraphs (a) and (b) of the rule apply only to instances where the trial court has not reached a decision on the merits of the case, *see* 2 Field, McKusick & Wroth, *Maine Civil Practice,* § 72.5 at 415 (2d ed. Supp.1981), and it is therefore clear that the Superior Court has reported an interlocutory ruling pursuant to Rule 72(c).

Whitten and Alan E. Whitten, to strike the affirmative defense of the statute of limitations from the answers filed by the defendants to the Whittens' complaint and by denying the defendants' motions for a summary judgment in their favor. We vacate the order.

In March of 1982, Kathleen Whitten was injured when an uninsured vehicle collided with the automobile driven by her mother, Helen Weeks, and owned by her father, Leland Weeks. On the date of the accident, Kathleen was covered by the uninsured motorist provisions of automobile insurance policies issued to her father by State Farm and to her husband, Alan E. Whitten, by Concord. Prior to the filing of the present complaint, the record reveals the following contact between the parties: The parties do not dispute that Kathleen promptly notified State Farm and Concord of the accident, although the record does not establish the exact dates the companies received these notices. In August 1983, acting on behalf of the Whittens, attorney Richard Thompson proposed that State Farm settle their claim by paying $25,000. State Farm responded by offering to pay $4,500. Thompson rejected the offer, stating that he would be filing a complaint on the Whittens' behalf against State Farm, but did not do so. In December 1985, Thompson again wrote to State Farm advising the company of additional medical expenses incurred by Kathleen and seeking reimbursement pursuant to State Farm's policy. On January 7, 1986, State Farm denied that it was responsible for these further medical expenses and renewed its offer to settle the Whittens' claim for $4,500. Thereafter, State Farm had no further contact with the Whittens or their attorney until their current attorney contacted the company on June 1, 1992. By a letter from Concord to Thompson dated May 29, 1985, Concord acknowledged receipt of a May 13, 1985 letter from Thompson concerning Kathleen's medical bills and stated that Kathleen must exhaust the coverage available to her pursuant to the State Farm policy before she could pursue reimbursement from Concord.

In response to the Whittens' complaint of July 1992, each defendant by its answer asserted, *inter alia*, the affirmative defense that the Whittens' claim was barred by the statute of limitations and filed a motion for a summary judgment. Pursuant to M.R.Civ.P. 12(f), the Whittens moved to strike the affirmative defenses of the statute of limitations. After a hearing, the court denied the defendants' motions for a summary judgment and granted the motion of the Whittens. Pursuant to M.R.Civ.P. 72, the court granted the joint motion of the parties to report the case.

In an action pursuant to the uninsured motorist provisions of an insurance policy, such as this, the applicable statute of limitations is six years. Here, it began to run when the plaintiffs' cause of action accrued. 14 M.R.S.A. § 752; *Palmero v. Aetna Cas. & Sur. Co.*, 606 A.2d 797, 798 (Me. 1992). Because this case involves contract law, their cause of action accrued when the defendants allegedly breached their respective insurance contracts. *Id.* (citing *Burke v. Hamilton Beach Div., Scovill Mfg. Co.*, 424 A.2d 145, 149 (Me.1981).

In *Palmero*, 606 A.2d 797, we were presented with the issue whether a claim for uninsured motorist coverage accrued on the date of the injury or when the insurance contract was allegedly breached. In holding that the cause of action accrued on the date of the alleged breach, we stated that the breach "does not occur until the insurer refuses payment." *Id.* at 799. We did not hold that all liability must be denied as a prerequisite to the breach of an insurance agreement. *Cf. Liberty Transport, Inc. v. Harry W. Gorst Co.*, 229 Cal.App.3d 417, 280 Cal. Rptr. 159, 165–66 (1991) (although in general "an insured's cause of action against an insurer accrues upon receipt of the insurer's denial of liability to the insured," such denial need not be unequivocal); *see also* A.A. Widiss, *Uninsured and Underinsured Motorist Insurance*, § 7.12 at 291–92 (2d ed. 1990) (limitation period as to action pursuant to uninsured motorist policy triggered by "an event related to the insurance relationship, such as a demand for payment, the rejection of a claim, or the rejection of a request for arbitration."); *Bangor & Aroostook R.R. v. Daigle*, 607 A.2d 533, 535 (Me.1992) ("Generally, courts will not interpret contracts as

being of infinite duration unless the agreement expressly states that is the intention of the parties.").

In the present case both insurers had a duty to provide coverage to Kathleen Whitten as long as certain terms and conditions were satisfied. After incurring an injury in an accident with an uninsured motorist in 1982, the Whittens offered to settle their claim with State Farm for $25,000, an amount well within the policy's liability limit. They later requested each defendant to pay certain medical bills that were covered under the terms of that policy. Although State Farm and Concord did not unequivocally deny liability, they rejected the Whittens' demands. At the latest, on January 7, 1986, the Whittens were aware that both insurers had rejected their demands. Accordingly, the present action commenced in July 1992 is time barred. To hold otherwise would provide an insured an indefinite period of time to institute an action against an insurer, a situation that statutes of limitations should and do prevent. *See Langevin v. City of Biddeford*, 481 A.2d 495, 498 (Me.1984) (statutes of limitations are designed to provide eventual repose for potential defendants and to avoid the necessity of defending stale claims).

The entry is:

Order striking the defendants' affirmative defense of the statute of limitations and denying their motions for a summary judgment vacated. Remanded for entry of a summary judgment in favor of the defendants.

All concurring.