STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-139
SKS - REV-2/3/2005

ROBERT F. PELLETIER,

      Plaintiff

v.

OneBEACON INSURANCE
COMPANY,

      Defendant

**DECISIONS ON CROSS-
MOTIONS FOR
SUMMARY JUDGMENT**

FEB 1 2005

This matter comes before the court on the cross-motions of each party for summary judgment. The parties have entered into a stipulation of fact, which eliminates any dispute of material fact for purposes of these motions. Those facts are summarized below.

### Factual Background

Plaintiff Robert Pelletier was involved in an automobile accident with Jason Lemieux on November 12, 1991. Pelletier sued Lemieux, who was defended by Hartford Insurance. Lemieux had a policy with Hartford which provided liability coverage with a $50,000 limit.

At the time of the accident, Pelletier was insured by York Mutual Insurance Company, which made various payments to Pelletier under the policy. York also asserted a subrogation claim.

Pelletier's suit went to trial, and the jury returned a verdict in his favor in the amount of $225,000. York Mutual was not a party to this action and no claim was made at the time for uninsured or underinsured motorist benefit. In January of 1995, Pelletier received payment from Hartford of $50,000 (the policy limit on Lemieux's policy).

On March 31, 1995, Pelletier's attorney wrote to York Mutual asserting for the first time a claim for underinsured motorist benefits and asking for the company's position on paying such benefits. On April 15, 1995, a claim representative for York Mutual wrote back and stated, "There is a serious liability issue in this case regarding liability [sic]. We will discuss the matter with our legal counsel." This is the last that was heard on this issue until December 13, 2002, when replacement counsel for Pelletier again asserted the claim for underinsured motorist benefits. By this time, the proper defendant was OneBeacon. Insurance Company.

In the meantime, Pelletier had released the original defendant Lemieux from any further claims arising out of the judgment upon execution and delivery of an assignment of Lemieux's claims against Hartford for failure to settle within the policy limits. This later claim was settled in October 2001 when Hartford paid Pelletier $50,000 in addition to the $50,000 Hartford had already paid toward the liability judgment.

## Discussion

Defendant OneBeacon Insurance Company argues that it is entitled to summary judgment on the complaint and should not be forced to pay any judgment to the plaintiff for two reasons. First, the company argues that the cause of action arose with the letter of April 15, 1995, and the six-year statute of limitations on contract cases has now passed. Plaintiff Pelletier agrees that this is a contract case and that the statute of limitation is six years, however he denies that the 1995 correspondence was sufficient to trigger the running of the limitations period.

There seems to be no argument that in a refusal of insurance claim case, the breach of contract occurs when the claim is denied, rather than when the claim itself accrued. The issue is whether the correspondence of 1995 is a sufficient trigger to start the clock. OneBeacon points out that the Law Court has not required that a denial of

benefits be completely unequivocal. *Whitten v. Concord General Mutual Ins. Co.*, 647 A.2d 808 (Me., 1994). However, the present case can be distinguished on its facts, particularly the more ambiguous response by the claim representative. The April 15, 1995 letter does not deny payment or coverage, it merely identifies a possible issue which will be discussed with legal counsel. The letter suggests the prospect of further correspondence from the company before any final determination would be made. The letter simply is not sufficient to trigger the running of the period, and the motion for summary judgment on this issue will be denied.

The defendant's second issue concerns the payments which Pelletier received from Hartford and whether they should be offset against any recovery under the underinsured tortfeasor provision. The first $50,000 Pelletier received under the Hartford policy was the policy limit for liability and, as reflected in the complaint, Pelletier recognizes the set-off to which OneBeacon is entitled in this amount. However, the York Mutual/OneBeacon underinsured motorist provision had a $100,000 single limit, so that there would remain $50,000 to go toward the judgment which Pelletier received after trial.

The policy containing the uninsured motorist coverage also contains a limit of liability which states, "Any amounts otherwise payable for damages under this coverage shall be reduced by all sums: (1) paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." Pelletier takes the position that the second $50,000 payment was not the result of his bodily injury but rather was a result of the manner in which the Hartford handled the original claim. This argument gives insufficient weight to the fact that both payments ultimately are the result of the same bodily injury. Nor does the argument consider what the second $50,000 actually represented to Pelletier. The second payment was in settlement of

Lemieux's original claim against his insurance company. Pelletier is the one who actually received the money in the end because Lemieux assigned his claim against Hartford to Pelletier in partial satisfaction of the $225,000 judgment Pelletier had obtained against Lemieux. Viewed in this light, the second payment became a third-party payment to Pelletier because of the bodily injury for which he received the court judgment against Lemieux. In other words, to Lemieux the payment would have been in satisfaction of his claim against Hartford for the way it handled the original claim, but to Pelletier the payment – though from Hartford - was a partial satisfaction by Lemieux of Pelletier's judgment against Lemieux because of the bodily injury.

In summary, the court concludes that the correspondence in 1995 was not sufficient to trigger the statute of limitations with regard to the uninsured motorist claim, and the statute of limitations does not prevent this action from proceeding. However, the court concludes further that OneBeacon is entitled to set-off both of the $50,000 payments made to Pelletier against the $100,000 uninsured motorist policy limit. Since the set-off equals the policy limit, OneBeacon has no further liability to Pelletier under the policy and the defendant's motion for summary judgment will be granted on this basis.

The entry will be:

     (1)    Plaintiff's motion for summary judgment is DENIED.
     (2)    Defendant's motion for summary judgment is GRANTED and judgment will be ENTERED for the defendant.

Dated: February 3, 2005

_____
S. Kirk Studstrup
Justice, Superior Court

ROBERT F PELLETIER  - PLAINTIFF
9 BEACON STREET
OAKLAND ME 04963
Attorney for: ROBERT F PELLETIER
WILLIAM ROBITZEK  - RETAINED 06/25/2004
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


vs
ONE BEACON INSURANCE COMPANY - DEFENDANT

Attorney for: ONE BEACON INSURANCE COMPANY
THOMAS G MUNDHENK  - WITHDRAWN 07/19/2004
PIAMPIANO & GAVIN
707 SABLE OAKS DR
S PORTLAND ME 04106


Attorney for: ONE BEACON INSURANCE COMPANY
JAMES D POLIQUIN  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2004-00139


DOCKET RECORD

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 06/25/2004

## Docket Events:

06/25/2004 FILING DOCUMENT - COMPLAINT FILED ON 06/25/2004

06/25/2004 Party(s):  ROBERT F PELLETIER
           ATTORNEY - RETAINED ENTERED ON 06/25/2004
           Plaintiff's Attorney: WILLIAM ROBITZEK

06/25/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 06/25/2004
           Plaintiff's Attorney:  WILLIAM ROBITZEK
           MAILED TO ATTY. OF RECORD.

07/09/2004 Party(s):  ONE BEACON INSURANCE COMPANY
           ATTORNEY - RETAINED ENTERED ON 07/08/2004
           Defendant's Attorney: THOMAS G MUNDHENK

07/09/2004 Party(s):  ROBERT F PELLETIER
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 07/08/2004
           Plaintiff's Attorney:  WILLIAM ROBITZEK
           ACCEPTANCE OF SERVICE BRENDA PIAMPIANO, ESQ. ON BEHALF OF ONEBEACON.

07/14/2004 Party(s):  ONE BEACON INSURANCE COMPANY
           RESPONSIVE PLEADING - ANSWER FILED ON 07/14/2004
           Defendant's Attorney: JAMES D POLIQUIN
           ANSWER OF DEFENDANT, FILED. )ATTORNEY MUNDHENK TO FILE NOTICE OF WITHDRAWAL OF COUNSEL)