STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-17-124

NORTH EAST INSURANCE
COMPANY,

          Plaintiff

v.                    STATE OF MAINE            ORDER ON MOTION TO
                 Cumberland ss Clerk's Office   DISMISS

JESSE COTE,               JUN 06 2011
                           11:53AM
          Defendant   RECEIVED

Before the court is defendant's motion to dismiss. M.R. Civ. P. 12(b)(6). Defendant raised the statute of limitations as an affirmative defense and challenges the timeliness of plaintiff's complaint. See Chiapetta v. Clark Assocs., 521 A.2d 697, 700 (Me. 1987). In his motion, defendant argues that because plaintiff does not allege in its complaint the efforts made to discover defendant's fraudulent conduct, the complaint is barred by the statute of limitations. See Kobritz v. Severance, 2007 ME 3, ¶ 13, 912 A.2d 1237; 14 M.R.S. § 752 (2017); 14 M.R.S. § 859 (2017). Defendant cites no authority to support this specific argument.

In its complaint filed March 17, 2017, plaintiff states that defendant filed a false insurance claim with regard to his truck on December 31, 2003. (Pl.'s Compl. ¶ 6.) The claim was fraudulent and not subject to coverage because the loss resulted from defendant's intentional misconduct. (Id. ¶ 7.) Plaintiff paid $23,216.48 in reliance on the false claim. (Id. ¶ 9.) Plaintiff further states:

> The Defendant's fraud was discovered by Plaintiff North East Insurance Company on March 24, 2011 from a polygraph report in which the defendant admitted at that time that he intentionally destroyed his pickup truck in order to file a false insurance claim.

(Id. ¶ 11.)

1

The court views the facts alleged in the complaint as admitted and "examine[s] the compliant in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Fortin v. Roman Catholic Bishop of Portland, 2005 ME 57, ¶ 10, 871 A.2d 1208. Plaintiff's allegations are sufficient to withstand defendant's motion to dismiss. See Chiapetta, 521 A.2d at 700 (in a case involving section 859, "a minimum allegation of fraudulent concealment" is sufficient to prevail on a motion to dismiss).

The entry is

Defendant's Motion to Dismiss is DENIED.

Date: June 5, 2017

Nancy Mills
Justice, Superior Court

2