MAINE SUPREME JUDICIAL COURT          Reporter of Decisions
Decision:    2021 ME 64
Docket:     Yor-21-74
Argued:    October 5, 2021
Decided:   December 23, 2021

Panel:      STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

ESTATE OF MARION SPRAGUE

v.

BANKERS LIFE AND CASUALTY COMPANY

JABAR, J.

[¶1]  The Estate of Marion Sprague (Estate) appeals from a summary judgment in which the court (York County, *Fritzsche, A.R.J.*) concluded that the Estate's complaint against Bankers Life and Casualty Company (Bankers Life) for breach of a home health insurance contract was barred by virtue of the expiration of the applicable limitations period.  Because we agree with the Estate that the undisputed facts establish that the limitations period had not expired before the Estate filed suit, we vacate the judgment.

## I.  BACKGROUND

[¶2]  The following facts are drawn from the parties' supported statements of material facts, viewed in the light most favorable to the Estate as

the nonprevailing party. *See Bibeau v. Concord Gen. Mut. Ins. Co.*, 2021 ME 4, ¶ 2, 244 A.3d 712.

[¶3] In October 2009, Marion Sprague purchased a home health care insurance policy from Bankers Life. The policy includes an "Amendment Rider" that describes the company's internal review procedures available to a policyholder who wishes to appeal a claim denial and also contains a provision that requires the policyholder to exhaust those procedures before filing a lawsuit. On November 7, 2011, Ruth Bowen was granted power of attorney to act on Sprague's behalf in connection with the policy. On June 4, 2014, Bowen submitted a claim for benefits on Sprague's behalf for care provided to Sprague by her granddaughter, a licensed nursing assistant.

[¶4] Bankers Life denied the claim in a letter dated July 10, 2014. In the denial letter, Bankers Life told Sprague that she was entitled to submit additional facts or request a "management review" of the claim if she believed that the claim was incorrectly denied and notified Sprague that she could file a complaint with the Maine Bureau of Insurance. These review procedures differ from those outlined in the Amendment Rider. On August 7, 2014, following the instructions in Bankers Life's claim denial letter, Bowen requested a management review. On September 25, 2014, Bankers Life issued a written

decision after management review, upholding its original decision to deny the claim, and again notified Sprague that she could submit additional facts or request an external review from the Maine Bureau of Insurance.

[¶5] Sprague died on December 20, 2015, and the York County Probate Court appointed Bowen as personal representative of her estate on February 17, 2016. In January 2020, the Estate, through its attorney, made a demand for arbitration pursuant to a provision of the Amendment Rider. In February 2020, Bankers Life responded by advising that the arbitration procedure mandated by the Amendment Rider was no longer available.

[¶6] The Estate filed a complaint on September 4, 2020, in the Superior Court (York County) alleging breach of contract (Count 1), detrimental reliance (Count 2), impossibility of performance (Count 4), quantum meruit (Count 5), and violation of 24-A M.R.S.A. § 2155 (2021) ("Twisting" prohibited[1]) (Count 6).[2] On January 28, 2021, Bankers Life filed its motion for summary judgment and argued that the Estate's action is time-barred under Maine's six-year statute of limitations for civil actions, 14 M.R.S. § 752 (2021). The

---

[1] "Twisting" is the practice of making misrepresentations for the purpose of inducing a policyholder to "lapse, forfeit, borrow against, surrender, retain, exchange, modify, convert, or otherwise affect or dispose of any insurance policy." 24-A M.R.S.A. § 2155 (2021).

[2] The Complaint did not contain a Count 3.

Estate filed an opposing memorandum on February 5, 2021, and Bankers Life replied on February 17, 2021. On February 19, 2021, the court issued a brief order granting Bankers Life's motion for summary judgment.[3] The Estate timely appealed. *See* 14 M.R.S. § 851 (2021); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶7] A party is entitled to summary judgment when the statements of material fact and referenced evidence establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). "We review a grant of summary judgment de novo, viewing the summary judgment record in the light most favorable to the nonprevailing party to determine whether it demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Estate of Galipeau v. State Farm Mut. Auto. Ins. Co.*, 2016 ME 28, ¶ 9, 132 A.3d 1190 (quotation marks omitted).

---

[3] The pertinent part of the order reads:

> The motion and the case depend upon when the statute of limitations starts to run. It is my conclusion that in non-ERISA state law based insurance disputes the statute of limitations starts to run when the claim is first denied. The statute of limitations of six years is not extended to permit internal reviews, reviews by the Bureau of Insurance or possible arbitration to take place. If the statute of limitations was very brief a different result might be required.

6

[¶8]  Bankers Life contends that the Estate filed its complaint after the expiration of the six-year limitations period, which, according to Bankers Life, commenced running on July 10, 2014, when the company sent Sprague a letter denying her claim for benefits.  The Estate contends that the limitations period commenced running no earlier than September 25, 2014, when the Estate exhausted Bankers Life's contractually required internal review procedures.

[¶9]  In Maine, unless another statute of limitations applies to a particular action, civil actions must commence within six years "after the cause of action accrues."  14 M.R.S. § 752.  "When the relevant facts are not in dispute, determining *when* a cause of action accrued and whether a claim is time-barred are legal questions subject to de novo review."  *In re George Parsons 1907 Trust*, 2017 ME 188, ¶ 15, 170 A.3d 215.  Generally, a cause of action for breach of contract accrues at the time of breach.  *Palmero v. Aetna Cas. & Sur. Co.*, 606 A.2d 797, 798 (Me. 1992); *Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 582 A.2d 978, 980 (Me. 1990).  "If a condition precedent to a right of action exists . . . the cause of action does not accrue . . . until the condition is performed."  51 Am. Jur. 2d *Limitation of Actions* § 132 (2021); *see also Windham Land Trust v. Jeffords*, 2009 ME 29, ¶¶ 20-21, 21 n.4, 967 A.2d 690; *Dunton v. Westchester Fire Ins. Co.*,

104 Me. 372, 376, 71 A. 1037, 1039 (1908); *Berkshire Mut. Ins. Co. v. Burbank*, 664 N.E.2d 1188, 1189-90 (Mass. 1996).

[¶10]  We stress that when a limitations period commences depends on when a cause of action accrues.  But parties are free to contract for conditions precedent to action and even, in certain circumstances, for a limitations period to commence before a cause of action accrues.  *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105-06 (2013) ("Absent a controlling statute to the contrary, [parties] may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable."); *Burke v. PricewaterhouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 81 (2d Cir. 2009) (holding the same).

[¶11]  We therefore examine the terms of the contract and the facts taken in the light most favorable to the Estate to determine when a cause of action for breach of the contract accrued.  The relevant language is found in the policy's Amendment Rider:

> Any controversy arising out of or relating in any manner to the policy is subject to *certain administrative procedures that must be exhausted by the party claiming rights under the policy* . . . prior to the Policyholder pursuing any other remedy that may be available in law or equity.  These administrative remedies are (i) Appeal of Decision; and (ii) Arbitration.

8

This language contains a condition precedent with which the insured must comply before bringing a lawsuit. Specifically, the insured must request an internal appeal of the initial claim denial "within sixty (60) days of the date of [Bankers Life's] written notice of its decision." According to the Amendment Rider, Bankers Life then has forty-five days to reverse, modify, or reaffirm its decision or to request more information from the policyholder.

[¶12] Reading 14 M.R.S. § 752 together with the Administrative Rider, the limitations period commenced when the cause of action accrued, and the action accrued when "the party claiming rights under the policy" exhausted the mandatory internal review procedures. The undisputed facts establish that following Bankers Life's denial of Sprague's claim on July 10, 2014, the Estate followed the instructions on Bankers Life's claim-denial letter and requested a management review on August 7, 2014. On September 25, 2014, Bankers Life completed its internal review by affirming its decision to deny the claim submitted by Bowen. At the very earliest, then, it was only on September 25, 2014, that the mandatory condition precedent to the Estate's right to bring a claim was satisfied.[4] The limitations period commenced on that date, and the

---

[4] The mandatory nature of Bankers Life's contractual review procedure distinguishes this case from precedent relied on by Bankers Life. For example, Bankers Life relies on a federal court decision in which the court held that the applicable statute of limitations ran from the insurer's initial denial, not from its subsequent affirmation of the denial after the policyholder's internal appeal. *George v.*

Estate timely filed its complaint twenty-one days before the expiration of that period.[5]

[¶13] Bankers Life also contends that the Administrative Rider does not require internal appeal as a condition to filing suit because Maine insurance law does not limit an insured's ability to file suit. Long term care insurance contracts in Maine are statutorily governed. 24-A M.R.S. §§ 5071-5084 (2021). "An insured who receives a claims denial in accordance with this section has the right to internal appeal and, after exhausting an insurer's internal appeals process, the right to request an external review." 24-A M.R.S. § 5083(5). Furthermore, "*[t]his section* does not prohibit or limit any claim or action for a claim that the insured has against the insurer." 24-A M.R.S. § 5083(8) (emphasis added).

---

*Mass. Mut. Life Ins. Co.*, No. ELH-17-1073, 2018 U.S. Dist. LEXIS 16528 (D. Md. Feb. 1, 2018). In *George*, the court commented, "[T]here is no merit to plaintiff's contention that her claim did not accrue until defendant denied her formal appeal. Although the Denial Letter noted that 'MassMutual's Disability Benefits Department has an appeals process that allows [plaintiff] to have her claim reviewed if she disagrees with [defendant's] assessment,' defendant never suggested that an appeal was necessary or required." *Id.* at *18 (alteration in original) (internal citation omitted). In contrast, Bankers Life's Amendment Rider plainly compelled the policyholder to exhaust the internal appeal process before pursuing any other remedy.

5 The Estate argues that the exhaustion of its remedies under the Amendment Rider occurred when Bankers Life waived arbitration under the contract on February 18, 2020. Although the Amendment Rider purports to require that both internal appeal and arbitration must be exhausted prior to filing an action, the arbitration clause itself reads as a waiver of a right of action in court, rather than a condition precedent to it. We need not address this potential inconsistency, however, because deeming accrual to have occurred at the time of denial of the management review is sufficient to make the Estate's action timely.

10

[¶14] Bankers Life misreads these provisions, which set minimum protections that all insurers must provide to insureds. Although section 5083 does not expressly limit any action for a claim, nothing in that section prohibits parties from contractually agreeing that the insured must exhaust reasonable internal review procedures before filing suit over a disputed claim denial. Moreover, the Amendment Rider did not limit the Estate's right to an internal appeal, to request an external review, or to file a complaint with the Bureau of Insurance.

[¶15] In conclusion, under the terms of the contract, the Estate's cause of action accrued at the earliest on September 25, 2014, when Bankers Life denied the Estate's internal appeal. The Estate then timely filed its complaint on September 4, 2020, within the six-year limitations period.

The entry is:

> Judgment vacated. Case remanded to the trial
> court to proceed on the complaint.

John F. Driscoll, Esq. (orally), Driscoll Law Office, Portsmouth, New Hampshire, for appellant Estate of Marion Sprague

Robert Edmond Mittel, Esq., and Scott D. Dolan, Esq., Mittelasen, LLC, Portland, and Steven K. Huffer, Esq. (orally), S.K. Huffer & Associates, P.C., Carmel, Indiana, for appellee Bankers Life and Casualty Company

York County Superior Court docket number CV-2020-172
FOR CLERK REFERENCE ONLY